GEORGE W. BOUSMAN V. THE CITY OF STAFFORD.

No. 14,207.  (81 Pac. 184.)

SYLLABUS BY THE COURT.

1. EVIDENCE—*Held not Merely Cumulative.* The testimony of a surgeon that in the progress of an operation involving the opening of the abdomen of a patient he found an intestine ruptured is not merely cumulative to that of a physician that upon an external examination he concluded that such a rupture probably existed.

2. ——— *New Trial—Newly Discovered Evidence.* Upon the hearing of a motion for a new trial upon the ground of newly discovered evidence the inquiry is not limited to matters known to the applicant or within his contemplation when the motion was filed, but may include as well any that have been developed since that time.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. Opinion filed June 10, 1905. Reversed.

*George A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.

*Prigg & Williams,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: George W. Bousman sued the city of Stafford to recover damages for injuries received in a fall caused by a defective sidewalk. A jury found against him, and a judgment was rendered for the city, from which he prosecutes error. The only complaint necessary to be passed upon is based upon the denial of a motion for a new trial on the ground of newly discovered evidence.

One of the important questions of fact tried was whether the plaintiff had actually been hurt at all. No special findings were made, and for anything that appears in the record the general verdict may have been the result of a belief on the part of the jury that

his injuries were purely imaginary. As alleged by him they were internal, and of such a character that their existence and origin could at the time of the trial only be shown by his own statements, and by the opinions of medical experts. The trial was ended May 27, 1903. On June 26, but at the May term of court, the plaintiff filed a motion for a new trial upon the ground of newly discovered evidence, the character of which was not stated in the motion. In support of this motion, which was heard at the next term of court, in October, there was introduced an affidavit of a surgeon stating that on August 12, 1903, he operated upon the plaintiff, opening the abdomen, and found that as the result of an injury an intestine had been ruptured, and an abscess had formed, from which various complications had ensued.

The pertinence and importance of this evidence is not disputed, but the defendant contends that it was not sufficient to require the granting of a new trial, because it was merely cumulative. It is true that a physician who had made an examination of the plaintiff testified that in his judgment the symptoms observable pointed to the probable existence of the conditions afterward found by the surgeon. Other physicians testified that, disregarding the statements of the plaintiff himself, they could find nothing to indicate that he had suffered any rupture of the intestines. The surgeon's testimony was confirmatory of that of the physician first referred to, but it was not cumulative to it in the sense here involved. To be cumulative in this sense new evidence must not only tend to prove the same fact already testified to, but it must tend to prove it in the same way—it must be "evidence of the same kind to the same point." (14 Encyc. Pl. & Pr. 812; see, also, 12 Cyc. 992.) The physicians could only give their opinions as experts upon a matter necessarily involved in some doubt. The surgeon told of a plain physical fact about which there could

be no mistake. His evidence was not of the same character as theirs, and was not merely cumulative to any of it.

It is further objected that the plaintiff might by due diligence have produced at the trial the equivalent of his newly discovered evidence. It is not meant by this that due diligence required that he should have had an operation performed prior to the trial, but that he might have obtained the evidence of other physicians and surgeons who would have testified to the existence of a rupture from a mere external examination. There is nothing in the record to suggest that such testimony could have been obtained, but even if so, for the reasons already stated, it would have been no sufficient substitute for the testimony of the surgeon, which obviously could only have been procured after the operation.

An objection is also made to the granting of the motion for a new trial upon the ground that the court had no right to consider the affidavit of the surgeon, for the reason that it related to a fact that was not known to the plaintiff, and could not have been known to any one, at the time the motion for a new trial was filed. The argument is that when a motion for a new trial on the ground of newly discovered evidence is filed it must be taken to refer to evidence that has already been discovered at that time, and cannot be supported by evidence of matters afterward developed; that unless this is true a defeated litigant may utilize upon such a motion new evidence discovered after the expiration of the trial term, whereas the statute contemplates that such evidence can only be made available by an independent action under section 310 of the civil code (Gen. Stat. 1901, §4758). If the motion for a new trial were required to be verified by affidavit when filed there might be good ground for this contention. The statute, however, imposes no such requirement, and no reason is apparent why one

Bousman v. Stafford.

who has within proper time—that is, before the expiration of the term—filed a motion for a new trial on the ground of newly discovered evidence may not at the hearing present any matters pertinent to the issue, whether they came to his knowledge before or after the filing of the motion, or before or after the close of the term. (*Werner v. Edmiston,* 24 Kan. 147; *Railroad Co. v. Gaston,* 67 id. 217, 72 Pac. 777.)

Complaint is also made of an instruction given by the court which was correct as a general proposition of law, and unobjectionable as applied to one feature of the evidence, but which might naturally have been understood by the jury to have had reference to an entirely different matter, in which event it would have been misleading and highly prejudicial. The failure so to limit the language of the instruction as to guard against such possible misapprehension was a manifest inadvertence. It is not necessary to determine whether such omission would of itself require a reversal, since that result follows from the conclusion already announced with relation to the motion for a new trial.

The judgment is reversed, and a new trial ordered.

All the Justices concurring.