## Freudenberg & Company, Defendant in Error, v. Mandel Brown, Plaintiff in Error.

### Gen. No. 16,786.

1. APPEALS AND ERRORS—*admission of immaterial evidence not reversible error.* In an action by a real estate broker for commissions, the admission of evidence not strictly material to the issues is not reversible error where it could have no influence on the decision of the jury.

2. NEW TRIAL—*motion should be supported by affidavit of witness.* A motion for a new trial on the ground of newly-discovered evidence is properly denied where there is no showing why the affidavit of the witness is not produced.

3. NEW TRIAL—*newly-discovered evidence.* Where the evidence relied on as basis of a motion for a new trial tends only to impeach and discredit a witness, although newly-discovered, it is not sufficient to sustain the motion.

Error to the Municipal Court of Chicago; the Hon. FREDERICK L. FAKE, JR., Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912. Rehearing denied December 26, 1912.

RICHARD J. COONEY and JOHN A. VERHOEVEN, for plaintiff in error.

GEORGE E. RUTHER, for defendant in error.

MR. JUSTICE GRAVES delivered the opinion of the court.

Defendant in error, a real estate broker, doing business as Freudenberg & Company, brought this suit in the Municipal Court to recover commissions for obtaining a purchaser for certain property belonging to plaintiff in error. The case was tried by a jury and resulted in a verdict and judgment for defendant in error for $425.00.

The evidence is conflicting, but we think fairly tends to show that the property in question was listed by plaintiff in error with defendant in error for sale on a commission of 2½ per cent.; that defendant in error

procured a purchaser who was ready, able and willing to purchase the same at $17,750, and that plaintiff in error accepted the proposed terms and agreed to convey the premises to the proposed purchaser, but later refused so to do.

While the conflict in the evidence is sharp and a contrary verdict might have been reached by the jury and sustained by this court, we do not think the verdict returned is so manifestly contrary to the weight of the evidence as to warrant this court in setting it aside for that reason.

During the trial certain evidence was admitted that was not strictly material to the issue, but it was not upon any controlling element in the case and could have had no influence on the minds of the jury in determining the pertinent facts involved, and its admission can not be held to be reversible error.

The court instructed the jury orally, as is authorized by the Municipal Court Act, and while, if the instructions had been carefully prepared, certain expressions would likely not have been used, we think the instructions fairly and fully presented the law governing the case to the jury.

The motion for a new trial was based in part on newly discovered evidence. This was presented by an affidavit of plaintiff in error only, and no showing was made why the affidavit of the witness by whom the newly discovered facts could be proven was not produced. The affidavit of such witness should have been produced, or a showing should have been made why it was not produced. Janeway v. Burton, 201 Ill. 78.

Even if the affidavit of the witness had been produced, the facts relied on as newly discovered evidence tend only to impeach and discredit the witness, Harmon, and it has been frequently held that evidence of that character, though newly discovered, will not warrant the granting of a new trial in order that it may be introduced. Bemis v. Horner, 165 Ill. 347.

Finding no reversible error in the record, the judgment of the Municipal Court is affirmed.

*Judgment affirmed.*