HELEN CHRISTIE, RESPONDENT, v. JOSEPH PETRULLO, APPELLANT.

Submitted November 6, 1924—Decided May 5, 1925.

1. A court will not grant a new trial upon the ground of newly-discovered evidence unless it be shown—first, that such evidence would probably have changed the result of the trial; second, that it was unobtainable by the exercise of due diligence for use at the trial; third, that the evidence is not merely cumulative.
2. New trials are not favored. The law requires that litigants make the fullest preparation possible of their cases before trial.
3. If a document containing a mistake of fact be received in evidence with the consent of the party prejudiced by the misstatement of fact therein contained, the fact that the document does misstate a fact affords no ground for a new trial, as a party is bound by a situation to which he has consented.

---

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellant, *Joseph H. Gaudielle.*

For the respondent, *Harlan Besson* (*Otmar J. Pellett,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J.   This case is before this court upon a rule to show cause allowed to the defendant, Joseph Petrullo. The action was tried at the Bergen Circuit.   The plaintiff, Helen Christie, instituted suit to recover damages for injuries which she claimed she had received by the negligent operation of the defendant's automobile when she was crossing Eighth avenue, at Forty-fourth street, in the city of New York, on May 21st, 1920.   The case was tried on January 23d, 1924.   At the trial the plaintiff identified the defendant as the operator of the car.   This identification was also made by two witnesses for the plaintiff, Roehrbach and Natell.   The defendant denied he was in New York on the day of the accident.   The identity of the defendant was therefore an issue in the case, and was submitted to the jury, which, by its verdict for the plaintiff, must have found that the defendant was in New York at the time of the accident, and was the operator of the car which struck the plaintiff. The plaintiff may have been aided in obtaining this verdict by the fact that a certificate issued by the motor vehicle department was introduced in evidence.   It read as follows: "I, William L. Dill, commissioner of motor vehicles of the State of New Jersey, do hereby certify that passenger registration No. 112474 was issued to Joseph Petrullo, 385 Passaic street, Lodi, New Jersey, on a Chevrolet car, serial No. 21336, for the year 1920.   Dated January 22d, 1924."   The evidence offered by the plaintiff tended to show that the registration number of the car which struck her was 112474 N. J.

This certificate was admitted in evidence with the consent of the defendant's counsel who desired in return to have admitted in evidence a certificate of J. Edward Martin, an agent of the motor vehicle department, to the effect that the license issued to Petrullo, the defendant, on January 12th, 1920, was numbered 112475.   The plaintiff's counsel consented to the admission of this certificate.   The jury, therefore, had before it the contradictory certificates as to the

license number of the defendant's car. Six days after the trial the defendant presented to the trial judge a petition setting forth that since the trial he had located a person by the name of Ludwig V. Lauther, who admitted that he had been on May 21st, 1920, at the hour and place testified to by the plaintiff, in an automobile bearing the New Jersey license No. 112474. Lauther wrote out and swore to a statement of the occurrence which he delivered to the petitioner. Upon this petition the trial court allowed the rule, with leave to take affidavits, reserving to the defendant the exceptions taken at the trial. Under this rule depositions were taken before a Supreme Court commissioner. Mr. Lauther testified to the facts mentioned. The defendant testified. A certificate signed by Mr. Dill, commissioner of motor vehicles, was offered. This certificate states that the registration number of Petrullo's car for 1920 was 112475, and of Lauther's car was 112474. The plaintiff and Roehrbach, who testified at the trial, again positively identified Petrullo as the driver of the car which struck the plaintiff. If the testimony taken under the rule had been offered at the trial, the trial might have resulted in a verdict in the defendant's favor. But even though a court may feel that the result of a trial probably would have been changed if evidence available after trial had been introduced at the trial, it does not necessarily follow that a new trial should be granted. New trials on the ground of newly-discovered evidence are not favored. Not only must a court feel that the evidence would probably have changed the result, but it must be satisfied that due diligence was exercised by the party applying for a new trial to obtain the evidence for use at the former trial, and that the evidence discovered is not merely cumulative. *Hoban* v. *Sandford & Stillman Co.,* 64 *N. J. L.* 426.

An examination of Petrullo's testimony discloses that he had obtained from Mr. Martin at least three weeks before the trial the name of Mr. Lauther. He says he had tried to find Lauther. He also knew from the same source the number of Lauther's car. He admitted that he had not con-

veyed this information to his counsel because he thought he had sufficient witnesses to prove that it was not his car which had struck the plaintiff without the testimony he thought Lauther would give. What the defendant did was to go to trial with the testimony which he had gathered and which he thought would be sufficient to win the case. Now that he has lost his case he seeks a new trial upon the testimony of one whom he had every reason to believe before the trial would prove a valuable and material witness. If he could locate Lauther within six days after the trial he certainly should have been able with due diligence to have located him during the three weeks prior to the trial. The evidence which Mr. Lauther could give cannot, therefore, be classed as newly-discovered evidence because it could have been obtained by due diligence on the part of the defendant for use at the trial. It is also only cumulative of the evidence submitted by the defendant at the trial. The defense was that the defendant was not the operator of the car which struck the plaintiff because he was not at the scene of the accident. The testimony of Lauther would only corroborate by his admission that he was there, and the operator of the car which struck the plaintiff, the testimony of the defendant that he was not there. It would therefore be only cumulative testimony. New trials will not be granted upon testimony which is merely cumulative. *Hoban* v. *Sanford & Stillman Co., supra.* These rules of law must be strictly enforced. If not strictly enforced it would open the door for litigants to withhold available testimony, and then if the result of the trial was adverse, resort could be had under the guise of newly-discovered testimony to obtain another trial in which the litigant could correct the mistakes made in the former trial and perhaps secure a different result. The aim of the law should be to force litigants to the fullest preparation of their cases before trial. This can best be accomplished by strictly enforcing the principles of law governing new trials.

It seems from the testimony that a mistake had been made in the certificate emanating from the office of the commissioner of motor vehicles respecting the registration number

of the defendant's car. This certificate was admitted with the consent of the defendant's counsel. If its admission was detrimental to the defendant this is the result of the consent to its admission. One cannot take advantage of a mistake to which he has consented. Moreover, the defendant knew of the issue of the registration number 112474 to Lauther from Martin before the trial. He could have been prepared to meet the situation presented at the trial with reference to the license number by reasonable diligence. He preferred to secure the admission of the certificate from Martin by consenting to the admission of the certificate from the department of motor vehicles presented by the plaintiff. He must therefore, on this branch of the case, bear the consequences of a situation which he created. The defendant has argued, in the brief, several matters which deal with exceptions taken at the trial and reserved under the rule. The plaintiff has not argued these, so they will not be considered for the reason that they are reserved. The rule to show cause is discharged, with costs.