WALTER F. LONG, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF CATHERINE M. LONG, DECEASED, PLAINTIFF, v. HARRY KARP AND THE AUBURN NEW-ARK MOTOR COMPANY, A CORPORATION, DEFENDANT.

Submitted October 15, 1929—Decided December 30, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff, *Alexander Simpson.*

For the defendant Harry Karp, *William B. Stites.*

For the defendant The Auburn Newark Motor Company, *Coult, Satz & Tomlinson.*

PER CURIAM.

The plaintiff's intestate, on November 3d, 1927, was killed while standing at the northwest corner of the Boulevard and Carlton avenue, Jersey City. A Ford car, owned by the defendant Karp, collided with a car owned by the Auburn Newark Motor Company. Karp had left his Ford car without

a driver on Carlton avenue. In some way it moved down the street and collided with the Auburn Newark Motor Company's car. The jury, after two days' trial, returned a verdict of no cause for action. The issues in the case were admirably submitted to the jury in a careful charge. An examination of the record leads us to the conclusion that the verdict was proper.

On this rule, the plaintiff took the depositions of several alleged eye witnesses as to the way in which Karp's car was left on Carlton avenue. The manner in which Karp left his car was one of the issues of the case, and the alleged newly-discovered evidence is, for the most part, the testimony of persons who lived in the neighborhood at the time of the occurrence and who might, with reasonable diligence, have been interviewed before the trial. The alleged newly-discovered evidence would probably not change the result and is merely cumulative at the best of the testimony offered and not believed by the jury.

New trials are not granted because evidence has been discovered since the former trial, unless it further appears that the exercise of reasonable diligence would not have led to the discovery of such evidence before the trial. *Hoban* v. *Stanford*, 64 *N. J. L.* 426; *Christie* v. *Petrullo*, 128 *Atl. Rep.* 853.

The rule will be discharged.