ARTHUR C. DUNN AND MARY ZEMAN, PLAINTIFFS, v. PARKER & GRAHAM, INCORPORATED, DEFENDANT.

Decided April 6, 1932.

For the plaintiffs, *Ward & McGinnis* (*by Louis Santorf*).

For the defendant, *Lindabury, Steelman, Zink & Lafferty* (by *James L. Lafferty*).

MACKAY, C. C. J. The plaintiffs sought to recover for damage done to the building at Paterson, New Jersey, by

defendant's steam shovel. The action as originally instituted was tried on June 25th, 1931, and at that time the Erie Railroad Company was also a party defendant. At the close of plaintiffs' case a judgment of nonsuit was entered as to the Erie Railroad Company with leave to the plaintiffs to amend the complaint and bring the action on for trial at a later date. The jury rendered a verdict in favor of the plaintiffs and against the defendant, Parker & Graham, Incorporated, for $2,180. The plaintiffs' proofs showed damage to the extent of $2,395.

Defendant seeks a new trial on the following grounds: First, that the damages are excessive; and second, that there is newly discovered evidence. The newly discovered evidence is to the effect that the plaintiffs contended at the trial that Bennett Brothers repaired the damaged building and neither of them could be found to testify as witnesses at the trial. Defendant now produces an affidavit to the effect that Bennett Brothers have been found and that the value of their services was much less than that claimed.

I do not think a new trial can be had on the ground of newly discovered evidence because it appears that when this case was tried on June 25th, 1931, the plaintiffs' witnesses testified and one of them, Mr. Weisbrod, an expert, stated that in his opinion the cost of repairing the damaged building was between $2,000 and $2,200. Defendant at that time had knowledge that Bennett Brothers could not be found. Another expert was produced to testify as to the damage yet no attempt was made to locate the Bennett Brothers between that time and the date of trial on January 20th, 1932.

"A court will not grant a trial upon the ground of newly discovered evidence unless it be shown—first, that such evidence would probably have changed the result of the trial; second, that it was unobtainable by the exercise of due diligence for use at the trial; third, that the evidence is not merely cumulative." *Christie* v. *Petrullo,* 101 *N. J. L.* 492; 128 *Atl. Rep.* 853.

It may be true that the defendant comes within the first and third rules as laid down but does not meet the second

requirement. I think when the defendant ascertained in June of 1931 that Bennett Brothers could not be located, it was then its duty to use reasonable diligence to obtain them or one of them as witness or witnesses in the cause. This not having been done a new trial cannot be granted on the ground of newly discovered evidence.

As to the verdict of the jury in the sum of $2,180, it appears from the testimony that the jury could have found that the damage to the building for repairing the foundation and porch, &c., amounted to $2,200, less an allowance of $200, which would make $2,000, and it could have found that the painting contract amounted to $200 and the cost of replacing the trees $15.

Counsel for defendant seems to be of the opinion that because a witness testified specifically that the damage done to the building was $2,180, that that was the jury's verdict without taking into consideration the $200 reduction, but I cannot take this to be the fact because the jury also had the right to consider the $200 painting item and the $15 item for trees. Just how they made these deductions is not quite clear; yet I cannot constitute myself as the jury to determine its method of reaching this particular result. For these reasons the rule to show cause will be discharged.