SYLVIA COHEN, BY HER NEXT FRIEND, WILLIAM COHEN, WILLIAM COHEN, INDIVIDUALLY, AND WILLIAM COHEN AND IDA COHEN, HIS WIFE, JOINTLY, PLAINTIFFS, v. NEW JERSEY AND NEW YORK RAILROAD COMPANY, A CORPORATION, DEFENDANT.

Argued January 17, 1933—Decided June 22, 1933.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and CASE.

For the motion, *Hobart & Minard* (*George S. Hobart* and *Ralph E. Cooper,* of counsel).

*Contra, Ward & McGinnis* (*Peter J. McGinnis* and *Louis Santorf,* of counsel).

PER CURIAM.

To this case the defendant moves for final judgment. The files of this court and the record exhibit this situation: The case was a Supreme Court issue and was referred for trial to the judge of the Passaic Common Pleas Court as acting Circuit Court judge pursuant to the statute. At the first trial before him there was a verdict for the plaintiffs and the defendant applied for and obtained a rule to show cause why it should not be set aside, returnable before the trial judge, and after argument that rule was made absolute and a new trial granted. At the second trial before the same judge, to whom the matter had been regularly referred, the plaintiffs again recovered a verdict and themselves obtained a rule to show cause why it should not be set aside as inadequate, returnable before the trial judge (and that rule has not as yet been argued). Thereupon the defendant obtained and entered a *postea* and entered thereon a judgment *nisi*. Defendant then gave notice of this motion before this court for the entry of final judgment.

The only basis of defendant's motion is its contention that chapter 356 of *Pamph. L.* 1931, pursuant to which the trial judge made the rule returnable before himself, is unconstitutional.

In opposition to the motion the plaintiffs argue that defendant has no right under the rules and practice to insist that a final judment be entered in favor of plaintiffs and against itself, and cite *Van Houten* v. *Campbell,* 153 *Atl. Rep.* 391. Again in opposition the plaintiffs argue that the defendant, having itself obtained a rule under and pursuant to the act of 1931, it cannot now come in and say that such act is unconstitutional; that by having obtained the first rule, and having argued and obtained thereunder a new trial, and having participated in the new trial, it waived whatever

right it may have had to claim that the statute was unconstitutional; and plaintiffs cite *Venghis* v. *Commonwealth Casualty Co.,* 101 *N. J. L.* 151; 127 *Atl. Rep.* 158.

But these questions, in the view we take of the case, we think need not now be answered. We think that so far as the Supreme Court is concerned, it has more than once in effect determined that the power vested by the act of 1931 in the Circuit Court judge to make a rule to show cause why the verdict should not be set aside, returnable before himself, was properly exercised, even against the objection that the act is unconstitutional. An instance of such decisions is to be found in the case of O'Donnell, Admr., &c., *v.* Laggren Bros. Co., where, after the Circuit Court judge had made a rule returnable before the Supreme Court, the Supreme Court by order of June 27th, 1932, ordered that the rule to show cause be modified, making it returnable before the judge of the Circuit Court who tried the case, in accordance with the statute; and that case is now pending in the Court of Errors and Appeals as No. 75 of the February term, 1933, where the validity of such action is challenged.

In view thereof we think the motion for the entry of final judgment now before this court should be denied, and it is denied accordingly.