JOHN O'DONNELL, ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF DANIEL J. O'DONNELL, DECEASED, PLAINTIFF-RESPONDENT, v. LAGGREN BROTHERS COMPANY, INCORPORATED, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted February 17, 1933—Decided September 27, 1933.

For the appellant, *Kellogg & Chance.*

For the respondent, *Edward Griffin.*

The opinion af the court was delivered by

HETFIELD, J.   This suit was instituted in the Supreme Court, Hudson Circuit, by the respondent as administrator *ad prosequendum,* for the death of his minor son, Daniel J. O'Donnell, who was about fourteen years of age.   The evidence on behalf of the plaintiff showed that on August 3d, 1926, the decedent was riding a bicycle, and going in a westerly direction on Forty-fourth street, in the city of Bayonne.   When he reached Broadway, he turned south on that thoroughfare, and for a short distance was behind a large truck operated by one Vincent Contey.   He then turned

to his right, and was riding beside the Contey truck, when a small truck known as a Reo Speed Wagon, owned by the defendant and operated by its servant, which had been parked on the westerly side of Broadway, headed in a northerly direction, made a turn so that it could proceed south; and when doing so, the rear end of defendant's truck struck the bicycle, throwing the decedent under the rear right wheel of the Contey truck, and as a result, the decedent received injuries causing death.

The trial now under review is the third had in this case. The first and second verdicts were set aside by the Supreme Court, on a rule to show cause, on the ground that they were against the weight of evidence. After the present verdict for $5,000 had been rendered, a rule to show cause was obtained by the defendant, and subsequently discharged by the court. Judgment was then entered, from which this appeal is taken.

The first point made by the appellant is that there should have been a direction for the defendant, on the ground that no negligence had been shown on the part of the defendant, that the plaintiff's intestate was guilty of contributory negligence, and that it did not appear that the proximate cause of the accident was any act committed by the operator of the defendant's truck.

Della Jeffers, one of the plaintiff's witnesses, testified: "I seen this truck. I seen the boy before that coming up Forty-fourth street from the east side and he slowed up also to let the truck pass him. When the truck passed the corner he came around the truck and he was going down on one side of it when this small truck pulled out from the curb and made a big turn out towards the middle of the street and as he almost finished the turn his rear wheel hit the boy's bicycle and threw him under the rear wheel of the Mack truck;" and Jeanette Jeffers, another of plaintiff's witnesses, stated: "This small truck was making a turn, had just about completed it, and the rear end of the small truck hit the rear end of the boy's bicycle and threw him forward and the other truck went over the boy."

Vincent Contey, the operator of the large truck, who testified on behalf of the defendant, stated that he was not quite sure as to whether the appellant's truck, just prior to the accident, was facing north with its left side toward the west curb, or not. He also stated, that as he approached the appellant's truck, its position was such that in order to clear it, he was compelled to turn to his left, and drive his truck so that part of it was on the left side of the center line of the street, going south. The defendant's employe, who was operating its truck, stated that just prior to the accident, his truck was parked alongside of the curb, but admitted that the front of his truck was further away from the curb than the rear, and that while his truck was standing at the curb, he did not put out his hand, or give any signal that he was about to start in motion.

While the evidence is conflicting, we think there was sufficient proof to justify a finding that the operator of defendant's truck, when making a turn, left the curb where he had been parked, without giving any signal of his intention, and that he did not exercise such care and caution to avoid a collision with the southbound traffic as a reasonable prudent person would have done under the same conditions, and by reason of the negligent operation of appellant's truck, its rear end struck the bicycle, causing the decedent to be thrown under the Contey truck, and that the accident would not have happened if the defendant's truck had been properly controlled and managed. This being so, a jury question was presented, and a refusal to direct a verdict was not error. It is the duty of the court to direct a verdict when the evidence in a case is admitted or not controverted, and when the law as applied to that evidence, is productive of but one legal result; but when the case involves a controverted question of fact, in which the evidence is conflicting, and out of the conflict may be gathered sufficient evidence to support a verdict for either party, which is the situation in the present case, the issue of fact should be left to the jury, and the court should not direct. The fact that a different conclusion than that arrived at by the jury could be drawn from the

testimony, does not warrant this court in disturbing the verdict. The absence or presence of conflicting testimony in a case is therefore a controlling consideration, by which the courts are governed in directing, sustaining or setting aside the verdicts of juries.

It is next contended that there was an error in law. on the record, in that the Supreme Court modified the rule to show cause, so as to make same returnable before the Circuit Court judge who presided at the trial, and that chapter 356 of the laws of 1931, which permits such procedure, is unconstitutional, and violates article 6, section 1 of the New Jersey constitution. We do not think this point need be considered, as the appellant engaged in the argument without objection, and applied to the Circuit judge for, and obtained, an order which reserved, for the purpose of appeal, an exception taken at the trial, and therefore waived any objection it might have had to the manner in which the argument on the rule was referred to the Circuit judge. There is no question but what the Circuit Court had jurisdiction over the subject-matter involved in the present suit, and also to hear arguments on rule to show cause. The objection raised is not as to the jurisdiction of the Circuit judge, but as to the mode in which jurisdiction was acquired; and while jurisdiction cannot be conferred upon a court by consent, objection to the mode of the acquisition of such jurisdiction may be waived. *North Hudson County Railway Co.* v. *Flanagan,* 57 *N. J. L.* 236; *Newark Passenger Railway Co.* v. *Kelly,* 57 *Id.* 655.

The judgment appealed from will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 12.

*For reversal*—None.