MARION A. PARADISE, PLAINTIFF-RESPONDENT, v. GREAT EASTERN STAGES, INCORPORATED, A CORPORATION, DEFENDANT-APPELLANT.

Submitted October 26, 1934—Decided February 4, 1935.

For the plaintiff-respondent, *Verga & Verga (Julius A. Kepsel,* of counsel).

For the defendant-appellant, *Charles A. Rooney.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff below recovered judgment for $5,000 for damages resulting from personal

injuries. · The trial court allowed a rule to show cause. Depositions were taken in aid of the rule. The scope of the rule was limited to the *quantum* of damages.

On its return, the rule was discharged. More than two months thereafter defendant's counsel obtained leave to reargue the rule to show cause. The reargument was likewise unsuccessful and defendant appeals from the judgment on the unusual ground that the court "failed to consider and give legal effect to the depositions taken pursuant to the mandate of said rule to show cause," because, counsel says, the depositions made it evident that the plaintiff didn't tell the truth .at the trial and the court's failure to grant a new trial amounted to an abuse of discretion.

The facts in the case are very brief. Plaintiff was a passenger in a bus which was wrecked, the plaintiff sustaining serious injuries. Among the elements of her damage was included loss of wages, she claiming to have been employed by two concerns from which she received seventy-five ($75) dollars weekly wages. The depositions taken in support of the rule to show cause indicate that this testimony was untruthful. The court below discharged the rule and refused to consider the depositions because the matter therein contained was not new matter in a legal sense, and denied a motion in arrest of judgment because there was nothing on the record indicating error. We are of the opinion that the court below was correct in its disposition of both matters.

The accident happened on June 23d, 1931. Suit was not started until May 13th, 1932, and was not tried until March 22d, 1934. The defendant had the benefit of a bill of particulars wherein the plaintiff set down in detail, among other things, who her employers were, the amount of wages she was accustomed to receive and the period during which she was deprived of those earnings by reason of the accident.

It also appears that the depositions, taken after judgment and in support of the rule, were obtained in California within five days after counsel agreed upon taking them and that they indicate that plaintiff, at the time of her injuries, was not in the employ of the parties mentioned. This auxiliary tes-

timony, however, is of no value in an application for a new trial. It was not newly discovered evidence in the legal sense, sufficient to motivate the court below to set aside this judgment; nor was it evidence that was not readily obtainable at the trial by the exercise of reasonable diligence.

The defendant, on receipt of the bill of particulars, knew with precision that damages would be claimed for loss of compensation and was definitely informed of the number of weeks for which such loss would be claimed and the amount of salary in question. The cross-examination of the plaintiff indicated that defendant's counsel had the strongest suspicion, if not actual belief, that the plaintiff was untruthful as to this element of her claim against the defendant.

It is the intendment of the law that litigants make the fullest preparation for trial and if those additional facts, presented on the rule, were not presented at the trial, as they readily might have been, that is the misfortune of the defendant. New trials are not to be favored even on the ground of newly discovered evidence unless the court feels that the evidence, newly discovered, more than likely would change the result and that it could not have been presented at the trial by the exercise of ordinary diligence. 2 *Tidd's Practice—4th Am. Ed. (American Notes)* 907*, 914*, 918*; 2 *Archbold's Practice, Q. B. Chitty's 7th Edition,* 1094; Cf., also, *Dickinson* v. *Black,* 2 *Bro. P. C.* 177; *Deacon* v. *Allen,* 4 *N. J. L.* 391 (at *p.* 392); *Price* v. *Ward,* 7 *Id.* 127 (at *p.* 129); *Den* v. *Geiger,* 9 *Id.* 225, 239; *Kirk* v. *Rickerson,* 46 *Id.* 13; *Hoban* v. *Sandford & Stillman Co.,* 64 *Id.* 426. These early cases and ancient common law authorities are purposely cited to make manifest for how long the rule enunciated has been followed. To adopt the appellant's view would undermine the whole system of practice in this particular that has obtained from earliest times.

It follows therefore that the court below was right in denying a new trial. There is nothing in this case to show that the testimony obtained on deposition was not available previous to trial. That the very opposite is true is manifest. It is sound jurisprudence and public policy as well that there

be a finality to judgments and that a verdict rendered after a full and fair hearing, both sides having ample opportunity to present all the evidence, should not be lightly disturbed.

The next ground of appeal concerns the court's denial of motion in arrest of judgment. Such motion for arrest of judgment must be predicated on *intrinsic* causes that appear on the face of the record. In other words, it is a challenge to the legal sufficiency which would support a demurrer. The *record* really is a history of the most material proceedings in the cause and contains the process and all the pleadings as well as the *postea* and judgment. It does not include the evidence, the court's charge, bills of exceptions and bills of particulars. 3 *Bl, ch.* 21, § 419; 2 *Jones Ed.* 1914. See, also, *Margolies* v. *Goldberg,* 101 *N. J. L.* 74; *Jones* v. *City Limit Cab Co.,* 112 *Id.* 482. So, therefore, the auxiliary testimony taken in support of the rule to show cause was no part of the *record.* It was incompetent to impeach the judgment and the court's denial of the judgment to arrest judgment was correct.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 13.

*For reversal*—PERSKIE, J. 1.