## MAYME FULMER, PLAINTIFF, v. EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, DEFENDANT.

Decided June 3, 1936.

For the plaintiff, *Allan Benny.*

For the defendant, *Collins & Corbin* (*Edward A. Markley* and *James J. Langan*).

OLIPHANT, S. C. C.   This matter is before me sitting as a Supreme Court commissioner on a rule to show cause why a new trial should not be granted on the ground of newly discovered evidence.

Suit was instituted by summons tested July 17th, 1935, plaintiff alleging that she is the holder of an insurance policy providing for disability benefits of $85.88 a month and the waiver of the premium of $420 per annum if she became wholly and permanently disabled in accordance with the provisions of the policy.   Plaintiff alleged in her complaint that she was continuously and at all times wholly totally and permanently disabled by disease since the 18th day of January, 1935, and that after said date she was unable to engage in any occupation or perform any work for compensation of financial value.   In October an amended complaint was filed in which claim was made for the disability benefits plaintiff alleged she was entitled to, accruing since the filing of the

original complaint. Defendant denied that plaintiff is or ever was totally, permanently and wholly disabled in accordance with the provisions of the policy.

The case was tried on January 7th, 8th and 9th, 1936. The jury returned a verdict against the plaintiff and in favor of the defendant; the verdict being no cause of action. *Postea* was signed January 10th and judgment for defendant entered January 16th. On March 10th, 1936, a rule was signed by me, sitting as a Supreme Court commissioner, requiring the defendant to show cause why a rule should not be made setting aside the verdict and granting a new trial. The rule of March 19th was based on the verified petition of plaintiff in which it is stated that since the trial she has discovered new evidence which will probably change the result provided a new trial is granted.

The defendant contends that the trial judge is without jurisdiction to entertain this application. I do not think so. Rules 122 and 123 of the Supreme Court specifically give such power to the trial judge. *Cohen* v. *New Jersey and New York Railroad Co.,* 11 *N. J. Mis. R.* 483; 166 *Atl. Rep.* 715; *O'Donnell* v. *Laggren Bros. Co., Inc.,* 111 *N. J. L.* 319; 168 *Atl. Rep.* 460.

On the trial of the case two doctors testified on behalf of the plaintiff and three on behalf of the. defense. The new evidence which is the basis for the present application is that of another physician, Dr. Neustaedter, who analyzes the symptoms, both objective and subjective of the plaintiff, as a result of which he says the plaintiff is suffering from incipient Basedow's disease, and that by reason thereof, she is incapacitated from following any gainful occupation. The symptoms relied upon by Dr. Neustaedter were related and referred to in practically all particulars by the medical witnesses at the trial, but none of them applied the words Basedow's disease to her condition. Voluminous testimony was taken by the parties by virtue of the order to show cause. That testimony shows that Dr. Neustaedter says that the plaintiff is suffering from Basedow's disease, while five doctors on behalf of the defendant claim she was and is not so suffering.

There are three cardinal principles expounded by our courts as necessary to be shown in order to permit a plaintiff to be entitled to a new trial. The newly discovered evidence must be of such a character that it would probably change the result if a new trial were granted; it must be shown that due diligence was exercised to produce the evidence on the former trial; and the newly discovered evidence must not be cumulative.

In view of the testimony taken under the rule, I am not satisfied that the result would be changed by the introduction of the alleged new evidence at the second trial, as that evidence is sharply contradicted. In *Mechanics Fire Insurance Co.* v. *Nichols,* 16 *N. J. L.* 411, Chief Justice Hornblower denied an application for a new trial saying: "It is against the general rule, to grant a new trial merely to let in newly discovered evidence, of facts and circumstances, relating to matters which were controverted on the former trial, unless those facts or circumstances were important and conclusive in their nature upon the rights of the parties, and the newly discovered evidence is of such a character, as *clearly and decisively* to establish them the one way or the other. New trials would be endless if every additional circumstance, bearing on the matter in controversy, was a cause for a new trial." In *Hoban* v. *Sandford and Stillman,* 64 *Id.* 426; 45 *Atl. Rep.* 819, the court said: "If the materiality of this newly discovered evidence is admitted, yet it must be such evidence as would, in all probability, have changed the result. It must be such evidence to produce on another trial an opposite result on the merits." To the same effect are the decisions in *Christie* v. *Petrullo,* 101 *N. J. L.* 492; 128 *Atl. Rep.* 853, and *Paradise* v. *Great Eastern Stages, Inc.,* 114 *N. J. L.* 365; 176 *Atl. Rep.* 711, a decision by Chief Justice Brogan, speaking for the Court of Errors and Appeals, and other cases too numerous to mention.

This is not a case where there are witnesses to an accident or witnesses to dealings between parties. This plaintiff was examined by several physicians previous to her trial, at which those physicians testified. After trial, she submits herself

for examination to another physician, an alleged expert, who makes according to the plaintiff a somewhat different diagnosis and prognosis of her condition. If the plaintiff was not satisfied with the testimony to be given at her trial, she could have submitted herself for examination to others, including Dr. Neustaedter. Plaintiff is in somewhat straitened financial circumstances and not able to spend money for experts, but this is not a reason for the court to consider on this motion. If a new trial was granted and the plaintiff again was unsuccessful, on the theory advanced for a new trial by the plaintiff, she might then go to other physicians, who might diagnose her condition differently from that already done and seek another new trial on that testimony. A procedure such as this would make litigation endless and interminable. There would be no finality to it. I am of the opinion that the present testimony, the basis for the application, could have been secured for presentation at the trial, with due diligence. I am further of the opinion that the evidence is cumulative. The plaintiff contended that she was wholly, totally and permanently disabled from disease and was unable to engage in any occupation or perform any work for compensation of financial value. The defense was that she was not so incapacitated. The testimony of Dr. Neustaedter would only corroborate that offered by the other physicians on behalf of the plaintiff at the time of the trial even though he called her condition by another name. It would, therefore, be only cumulative testimony. As said by Mr. Justice Katzenbach in *Christie* v. *Petrullo, supra;* "These rules of law must be strictly enforced. If not strictly enforced it would open the door for litigants to withhold available testimony, and then if the result of the trial was adverse, resort could be had under the guise of newly discovered testimony to obtain another trial in which the litigant could correct the mistakes made in the former trial and perhaps secure a different result. The aim of the law should be to force litigants to the fullest preparation of their cases before trial. This can best be accomplished by strictly enforcing the principles of law governing new trials."

The words of Chief Justice Brogan in *Paradise* v. *Great Eastern Stages, Inc., supra,* seem to me to fit the present situation. He said: "It is the intendment of the law that litigants make the fullest preparation for trial and if those additional facts, presented on the rule, were not presented at the trial, as they readily might have been, that is the misfortune of the defendant." In this case it is the misfortune of the plaintiff. "New trials are not to be favored even on the ground of newly discovered evidence unless the court feels that the evidence, newly discovered, more than likely would change the result and that it could not have been presented at the trial by the exercise of ordinary diligence." Numerous cases were cited by the Chief Justice, following which he said: "These early cases and ancient common law authorities are purposely cited to make manifest for how long the rule enunciated has been followed. To adopt the appellant's view would undermine the whole system of practice in this particular that has obtained from earliest times. There is nothing in this case to show that the testimony obtained on deposition was not available previous to trial. That the very opposite is true is manifest. It is sound jurisprudence and public policy as well that there be a finality to judgments and that a verdict rendered after a full and fair hearing, both sides having ample opportunity to present all the evidence, should not be lightly disturbed."

The evidence taken under the rule, and which is made the basis for the present application, is evidence which the plaintiff feels, if presented, would have more weight than the evidence which was produced at the trial. In *Jessup* v. *Cook,* 6 *N. J. L.* 434, the court said: "It would be introducing a new rule and establishing an extremely bad precedent to set aside a verdict and grant a new trial because one party has since discovered evidence which he thinks entitled to more weight than any which he had produced at the trial." Evidence such as is sought to be used is additional evidence to that already given to fortify a point which has already been tried in order to make it stronger. This has been repeatedly refused as any ground for a new trial. *Den* v. *Wintermute,* 13 *N. J. L.* 177.

Counsel for the plaintiff says that the court should exercise, under all of the circumstances, its discretion and grant a new trial. When a motion is directed to the sound discretion of the court, that discretion would be abused if it violated settled principles of law. *State* v. *Vandervere*, 25 *N. J. L.* 669; *State* v. *Potter*, 83 *Id.* 428; 85 *Atl. Rep.* 216.

While sympathetic with the plaintiff, I can find no grounds which would allow me under the cases and the established law of this state, to grant a new trial. The rule will be discharged and an order to that effect may be presented.