ELIZABETH M. ROONEY AND EDWARD ROONEY, PLAIN-
TIFFS, v. GERTRUDE HERRMANN AND HENRY A.
SAHKER, DEFENDANTS.

Decided July 23, 1942.

For the plaintiffs, *Carlon & Abramoff*.

For the defendants, *Green & Green* (*David Green*) and
*Durand, Ivins & Carlon* (*J. Victor Carlon*).

KINKEAD, C. C. J.   This matter is before the court on
plaintiffs' rule to show cause why a new trial should not be
granted on the ground of newly discovered evidence.

Mrs. Elizabeth M. Rooney was injured in an automobile
accident which occurred on July 22d, 1940.   She and Edward
Rooney, her husband, started suit against Mrs. Gertrude
Herrmann, the owner of the car involved in the accident,
and Henry A. Sahker, who was driving it at the time.

Mr. and Mrs. Herrmann, their daughter, Rhoda, and Sah-
ker were week-end guests at the home of Mr. and Mrs. Herr-
mann's daughter, Mrs. Evelyn Norr, in Asbury Park, New
Jersey.   Rhoda Herrmann and the defendant Sahker were
engaged to be married at the time.

On Monday morning, July 22d, the week-end visit was
terminated, and Mrs. Herrmann left for New York by train.
Mr. Herrmann, Rhoda and Sahker, with Sahker driving,
started out from Asbury Park in Mrs. Herrmann's car to
proceed to the Herrmann home in Paterson.   While so pro-
ceeding, the accident occurred.

The complaint filed by the plaintiffs alleged that Sahker
was operating the Herrmann car as Mrs. Herrmann's agent
at the time of the accident.   Messrs. Green & Green filed an
answer for Mrs. Herrmann denying the agency.

Shortly after the happening of the accident, the engagement of marriage between Rhoda Herrmann and Sahker was terminated. Sahker filed an answer through his own attorney, David Schneiderman, admitting that, at the time of the accident, he was acting as the agent of Mrs. Herrmann.

The case came on for trial March 9th, 1942, at which time Counsellor J. Victor Carton, of the firm of Durand, Ivins & Carton, appeared on behalf of Green & Green, and stated to the court that the defendant Sahker refused to appear and testify. Mr. Carton asked permission to withdraw from the responsibility of defending him, which permission was granted by the court.

Mr. Schneiderman, the attorney of record of the defendant Sahker, did not appear in court on the trial date, nor did anyone represent him. In fact, Mr. Schneiderman apparently did nothing more for Sahker than to file an answer on his behalf.

The trial proceeded. At the close of the plaintiffs' case, Mrs. Herrmann testified on her own behalf that, at the time of the accident, her car was not being driven on her business. On cross-examination, she testified in part as follows:

"Q. And when Mr. Carton asked you that the car wasn't driven on your business, by that what do you mean? What do you mean by 'business'?

"A. Well, any personal business. It wasn't driven for me.

"Q. If the car were being driven back to Paterson to convey your daughter and husband back to Paterson——

"A. That isn't my business; that's their business.

"Q. I see; but it is as a favor to you? .

"A. It is no favor to me, not favoring me any. They take care of themselves.

"Q. You intended they go back to Paterson that day?

"A. I hoped they would.

"Q. As far as you were concerned, anybody could drive that car?

"A. It didn't make any difference, as long as they could drive well * * *

"Q. But it was your notion when you left the car that somebody would drive the car up——

"*A.* What do you mean by 'notion'?

"*Q.* Well, it was your understanding that somebody——

"*A.* There was no understanding at all. I went to New York in the morning. I didn't know whether they would come home that day or the next, but I did tell them if they could to come home and I would serve lunch to them."

When both sides rested, defense counsel moved for a directed verdict in favor of Mrs. Herrmann. The court ruled that there was no proof in the case to contradict Mrs. Herrmann's testimony that, at the time of the accident, her car was not being driven on her business, and accordingly, a verdict was directed in favor of Mrs. Herrmann.

Against the defendant Sahker Mrs. Rooney recovered a verdict of $1,500, and her husband was awarded $1,000 by the jury.

After the trial, counsel for the plaintiffs had an interview with the defendant Sahker, at which time Sahker indicated that he drove Mrs. Herrmann's car with her knowledge and consent and as her agent. Mr. Sahker signified to counsel his willingness to come to court to testify to this effect. Testimony was taken on this rule, at which time Sahker was asked to tell under what circumstances he drove Mrs. Herrmann's car on July 22d, 1940, to the point where the accident happened. His answer was as follows: "Well, the evening previous we had packed our luggage preparing to go home the following morning. In the morning, Mrs. Herrmann told me to drive the car, she told me to take the key and drive the car, and I did that."

If Mr. Sahker had given his testimony at the trial, the court certainly could not have directed a verdict in favor of Mrs. Herrmann, and it is quite conceivable that the jury would have returned a verdict in favor of the plaintiffs against Mrs. Herrmann as well as against Sahker.

But it will not suffice for the plaintiffs to merely establish that Sahker's evidence would probably change the result. The rule is well settled in New Jersey that a new trial will not be granted on the ground of newly discovered evidence, unless it be shown, that not only would the evidence probably change the result, but that it was not obtainable by the exer-

cise of due diligence for use at the trial; and the newly discovered evidence must not be cumulative. *Hoban* v. *Sandford and Stillman Co.*, 64 *N. J. L.* 426; 45 *Atl. Rep.* 819; *Christie* v. *Petrullo*, 101 *N. J. L.* 492; 128 *Atl. Rep.* 853; *Paradise* v. *Great Eastern Stages, Inc.*, 114 *N. J. L.* 365; 176 *Atl. Rep.* 711; *Fulmer* v. *Equitable Life Assurance Society*, 14 *N. J. Mis. R.* 407; 185 *Atl. Rep.* 474.

In the case *sub judice,* when the defendant Sahker did not appear at the trial, due diligence required plaintiffs' counsel to request an adjournment, until Sahker could be subpœnaed as a witness for the plaintiffs. The admission of agency by Sahker in the answer filed by him was a matter of record. His testimony was most essential to the plaintiffs in their suit against Mrs. Herrmann. The plaintiffs took a needless risk in proceeding without the benefit of Mr. Sahker's evidence, because an adjournment would have been granted by the Court, under the unusual circumstances, if one had been sought.

The words of Chief Justice Brogan in *Paradise* v. *Great Eastern Stages, Inc., supra* (at *p.* 367) of that opinion, are most appropriate: "It is the intendment of the law that litigants make the fullest preparation for trial, and if those additional facts, presented on the rule, were not presented at the trial, as they readily might have been, that is the misfortune of the defendant." In the instant case, it is the misfortune of the plaintiffs.

As Judge Oliphant stated in *Fulmer* v. *Equitable Life Assurance Society, supra* (at *p.* 412): "While sympathetic with the plaintiff, I can find no grounds which would allow me under the cases and the established law of this state, to grant a new trial."

From the plaintiffs' standpoint, it is most unfortunate that they chose to proceed without having Mr. Sahker available as a plaintiffs' witness. Perhaps, plaintiffs' counsel was not alert, or perhaps, proceeding with the trial was merely an error of judgment. In any event, the plaintiffs chose to proceed when they did not have the benefit of necessary evidence —evidence which could have been made available by due diligence.

The motion for a new trial is denied.