LOLA ANN FOFAR, Plaintiff-Appellee, *v.* WILLIAMSON COUNTY AIR-
PORT AUTHORITY, Defendant-Appellant.

Fifth District   No. 83—204

Opinion filed June 18, 1984.

Charles E. Schmidt, of Mitchell, Brandon & Schmidt, of Carbondale, for appellant.

Keith W. Kibler, of Paul Thomas Austin & Associates, of Marion, for appellee.

JUSTICE KASSERMAN delivered the opinion of the court:

Plaintiff, Lola Ann Fofar, was injured in a fall on ice and snow in a parking lot operated by defendant, Williamson County Airport Authority. After a jury trial in the circuit court of Williamson County, plaintiff's damages were assessed at $10,000 and her contributory negligence was assessed at 50%, resulting in a net award of $5,000. Plaintiff moved for a new trial, alleging, *inter alia*, the existence of newly discovered evidence. The trial court granted the motion on that basis, and defendant appeals. There is no cross-appeal.

The pertinent facts are as follows: Ms. Fofar fell at about 3 p.m. on February 12, 1979, landing on her buttocks and striking her head. The cause of the fall was a mound of snow and ice which the jury found, via special interrogatory, was not a natural accumulation. One examining doctor testified at trial, and all or part of the depositions of seven other examining doctors were read to the jury. According to those witnesses, between 1979 and 1982 the tests performed upon Ms. Fofar included four neurological examinations by three different doctors, three "CT scans," two electroencephalograms, one electromyogram, one myelogram, one pyrophosphate bone scan, and one tomogram. According to the doctors testifying and deposed, none of these examinations revealed any objective evidence of physical injury that would explain Ms. Fofar's pain, weakness and other complaints. Doctors referred to her condition as being caused by psychogenic problems, soft tissue lower back injury, tension, discogenic pain syndrome, limitations self-inflicted by her own personality, and learned pain behavior. Dr. Richard Morgan testified that in his opinion her condition of pain and weakness was likely to be permanent, was caused by her fall, and would prevent her from resuming the duties involved in her vocation. There was lay testimony regarding Ms. Fofar's activities after the fall and her ability to work after the fall.

The verdict of the jury was returned November 19, 1982. Plaintiff filed her initial post-trial motion on November 22, and an additional post-trial motion on December 3. In the latter motion, plaintiff urged "newly discovered evidence" as a ground for a new trial on the issue of damages only or alternatively as to all issues. Plaintiff's November 22 and December 3 motions were superseded by plaintiff's consolidated post-trial motion filed December 15. There, plaintiff's "new significant evidence" was described as follows:

"3. The new evidence which would be used at a new trial is that as a result of the further testing and CAT scan monitoring of the plaintiff and the cooperation of the services of Dr. Herman Lyle of Marion, Illinois, Dr. Richard Morgan of Marion, Il-

linois, Dr. George Murphy, radiologist at Marion Memorial Hospital and Dr. O'Brien of Carbondale Memorial Hospital, it has been determined that the plaintiff has a calcium deposit on the left lower lobe of her brain at or near the point of concussion which was caused by the fall described in the complaint ***.

4. That the new evidence as described in the above paragraph is the medical cause of the plaintiff's ailments and suffering and that as a result of the plaintiff's injury she is permanently disabled.

5. That said doctors are expected to testify that the calcium deposit buildup is the direct result of the fall ***."

The December 15 motion also asserted that the new evidence would probably change the result of the previous trial and that it was discovered as a result of medical treatment following plaintiff's becoming unconscious on the last day of trial. Neither the December 3 nor the December 15 motion was sworn to; and no affidavits or exhibits accompanied either motion.

Proceedings at the hearing on the December 15 motion were not transcribed of record. A record entry states, in its entirety: "Post Trial Motion heard and granted. New trial ordered on amount of damages without taking into consideration the percentage of negligence attributable to [plaintiff] as per order." The order appealed from states, in its entirety:

"Now on this 16th day of February, 1983, this cause comes on for hearing on the Plaintiff's Motion For New Trial. The Plaintiff and Defendant are present by counsel. This Court being duly advised in the premises, does find as follows:

That a key issue at the time of trial of this matter was that there were no objective findings of the Plaintiff's injuries. It was my opinion and I think also the opinion of the jury that the plaintiff was a hysterical woman. Medicine is a science and not an art. It is not exact. As a result of further EEG Testing and CT Scanning, new medical evidence has been discovered which shows that the Plaintiff did in fact have calcium deposits on the left lower lobe of her brain which were caused by the fall alleged in the Complaint. This new evidence was found by the Plaintiff's doctors in their continuing treatment of her, and not by her trying to obtain new evidence. The failure of the evidence to appear at the time of the first trial was not because of lack of diligence or inadvertence on the part of the Plaintiff. The new evidence is material, and in my opinion, will change the outcome of the trial. The remainder of the Plaintiff's Mo-

tion is denied. It is my order that the Plaintiff is to have a new trial on the issue of damages only. The issue of liability will be as determined by the jury in the last trial. The comparative negligence of the Plaintiff will be as determined by the jury at the last trial."

Defendant asserts that the evidence plaintiff seeks to introduce does not, in fact, qualify as newly discovered evidence such as to justify the granting of a new trial. We agree.

What the plaintiff proposes to offer as newly discovered evidence is not the testimony of a witness as to operative facts concerning the extent of her injury but, rather, a new and different expert opinion. While plaintiff argues that she was not aware prior to the original trial that this opinion could be obtained, plaintiff was aware that she was going to trial without any objective evidence to support her medical claims. Nevertheless, plaintiff elected to proceed to trial with the evidence she had available.

We have found no pertinent Illinois authority concerning whether a new trial may be granted upon a new expert opinion, and plaintiff provides only general statements of Illinois law pertaining to new trials upon newly discovered evidence. However, it is axiomatic that the law contemplates that litigants make the fullest preparation for trial. Furthermore, if alleged additional evidence might have been but was not presented at trial, that is the fortune of the unprepared party. See *Fulmer v. Equitable Life Assurance Society of the United States* (1936), 14 N.J. Misc. 407, ____, 185 A. 474, 476.

■■ ■ The courts of review which have considered the issue presented by this aspect of the instant appeal appear to be in agreement that evidence of a new expert opinion will not justify a new trial. Thus it has been stated that under Rule 60(b) of the Federal Rules of Civil Procedure the results of a new physical examination are not newly discovered evidence such as to justify a new trial. (*Ryan v. United States Lines Co.* (2d Cir. 1962), 303 F.2d 430, 434; *Grupen v. Thomasville Furniture Industries* (1975), 28 N.C. App. 119, 121, 220 S.E.2d 201, 202, *cert. denied* (1976), 289 N.C. 297, 222 S.E.2d 696; *Harris v. Frank L. Blum Construction Co.* (1971), 10 N.C. App. 413, 420-21, 179 S.E.2d 148, 153.) It has also been stated that if plaintiff was not satisfied with the testimony her medical witnesses were going to give at her trial, she should have submitted herself for examination to others rather than proceed to trial. (*Fulmer v. Equitable Life Assurance Society of the United States.* (1936), 14 N.J. Misc. 407, 185 A.474.) Furthermore, it has generally been considered that applications for new trial are looked upon with particular disfavor where

the newly discovered evidence consists largely of conclusions (66 C.J.S. *New Trial* sec. 101 (1950); *Eller v. Paul Revere Life Insurance Co.* (1941), 230 Iowa 1255, 1260, 300 N.W. 535, 538) and that the availability of new expert testimony is not grounds for a new trial (*Eller v. Paul Revere Life Insurance Co.* (1941), 230 Iowa 1255, 1262-63, 300 N.W. 535, 539). Matters which have been held not to warrant a new trial based on newly discovered evidence include: a first-time diagnosis that the plaintiff had suffered a permanent impairment of the cerebellum (*Grupen v. Thomasville Furniture Industries* (1975), 28 N.C. App. 119, 220 S.E.2d 201), a first-time diagnosis that the plaintiff suffered from "Basedow's disease" (*Fulmer v. Equitable Life Assurance Society of the United States* (1936), 14 N.J.Misc. 407, 185 A. 474); and a first-time diagnosis of spinal injury, where several doctors had testified at trial that no injury had been found and that the plaintiff was suffering from imaginary illness (*Eller v. Paul Revere Life Insurance Co.* (1941), 230 Iowa 1255, 300 N.W. 535). Other decisions reaching contrary results are *Bekelja v. James E. Strates Shows, Inc.* (1944), 349 Pa. 442, 37 A.2d 502, in which post-trial surgery revealed the plaintiff's broken leg to be considerably worse than believed, and this condition was ascertainable only by surgery, and *Bousman v. City of Stafford* (1905), 71 Kan. 648, 81 P. 184, where post-trial surgery revealed an intestinal rupture not discoverable prior to surgery, and there was no other objective evidence to explain the plaintiff's complaints of suffering.

■ We find the rationale of *Grupen, Fulmer,* and *Eller* to be persuasive and therefore conclude that the alleged newly discovered evidence in the case at bar was not in fact of such a nature to warrant the granting of a new trial by the trial court.

Furthermore, we are constrained to view with conservatism the instant plaintiff's motion for new trial because of our concern for the principles that jury verdicts should be accorded a measure of finality and that litigation cannot be permitted to continue indefinitely. This same concern was expressed by the court in *Fulmer v. Equitable Life Assurance Society of the United States* (1936), 14 N.J. Misc. 407, ____, 185 A. 474, 476, in which it was stated:

> "If a new trial was granted and the plaintiff again was unsuccessful, on the theory advanced for a new trial by the plaintiff, she might then go to other physicians, who might diagnose her condition differently from that already done and seek another new trial on that testimony. A procedure such as this would make litigation endless and interminable. There would be no finality to it."

The granting of the relief sought by the plaintiff in the case at bar relating to the alleged newly discovered evidence obviously would not promote the finality of the jury's verdict. In fact, it may well be the prelude to several additional jury verdicts in future trials resulting from plaintiff having found a medical expert with yet another diagnosis or opinion. As defendant points out, plaintiff was examined and tested by nine doctors, eight of whom testified and stated that they were treating physicians of plaintiff. It is also noteworthy that defendant offered no medical testimony at trial. Thus, plaintiff cannot be said to not have been afforded her day in court.

■ While this conclusion renders discussion of defendant's other contentions unnecessary, we agree with defendant's further contention that the motion for new trial based on newly discovered evidence is defective. Such a motion is required to be supported by the affidavits of the witnesses by whom it is proposed to prove the facts relied upon, or reasonable explanation should be shown for not obtaining them. (*Janeway v. Burton* (1903), 201 Ill. 78, 80-81, 66 N.E. 337, 338; *Freudenberg & Co. v. Brown* (1912), 175 Ill. App. 588, 589; *People ex rel. Linton v. Barth* (1932), 267 Ill. App. 574, 576.) No such showing was made in the case at bar.

■ Finally, we note that the record does not indicate whether the trial court addressed all the issues raised in plaintiff's post-trial motion other than the issue relating to newly discovered evidence. Accordingly, we remand for consideration of the remainder of the post-trial motion, with instructions that judgment be entered upon the verdict of the jury if the remainder of that motion is found to be without merit.

For the foregoing reasons, the judgment of the circuit court of Williamson County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

WELCH, P.J., and KARNS, J., concur.