JAMES A. TAYLOR AND WIFE, FRANKIE G. TAYLOR v. TRI-COUNTY ELECTRIC MEMBERSHIP CORPORATION

No. 728SC682

(Filed 20 December 1972)

1. Judgments § 35— res judicata — necessity for judgment on merits

A plea of *res judicata* must be founded on a judgment on the merits.

2. Judgments § 40— directed verdict — judgment on merits — res judicata

Judgment in a trespass action granting defendant's motion for directed verdict under G.S. 1A-1, Rule 50(a) for failure of plaintiffs to prove that the description in their deed covered the property which defendant allegedly had wrongfully entered constituted a judgment on the merits for *res judicata* purposes.

3. Judgments § 37— trespass action — directed verdict — res judicata

Plaintiffs' prior trespass action alleging that defendant wrongfully entered their land and destroyed trees, plants and boundary stakes in digging holes, inserting poles and stringing electric power lines wherein a directed verdict was entered in favor of defendant on the ground that plaintiffs failed to prove that the description in their deed covered the land upon which defendant placed its power lines *held* to constitute *res judicata* to plaintiffs' action based upon essentially the same allegations with additional allegations that the erection and maintenance of the poles and power lines constituted a "taking" of their property and that such taking was unnecessary and unreasonable, since the material question of title as between the parties had been determined in the prior action.

APPEAL by plaintiff from *Cowper, Judge,* at the 1 May 1972 Civil Session of WAYNE Superior Court.

In their complaint in a prior action between the parties, commenced on 22 October 1969, plaintiffs alleged in substance the following: Plaintiffs own a parcel of land in Indian Springs Township on S. R. 1932, said land being described in a deed recorded in Deed Book No. 717 at page 318 in the Wayne County Registry. On or about 1 July 1969, agents and employees of defendant wrongfully entered upon plaintiffs' land and destroyed trees, plants and boundary stakes; they also dug holes and inserted poles over which wire was strung. Plaintiffs purchased said property for the purpose of building a house thereon and said holes, poles and wires detract from the property's intrinsic worth. The trespass committed by defendant will continue to plaintiffs' irreparable injury and damage unless defendant is restrained. As part of the relief sought, plaintiffs

prayed judgment for damages in the amount of $500.00, for removal of the poles, wire and debris from their property, and a restraining order prohibiting further trespass upon plaintiffs' land.

In its answer in the prior action, defendant denied any wrongful and unlawful entry upon property belonging to plaintiffs, and denied the commission of any wrongful and unlawful acts on property belonging to plaintiffs.

At trial of the prior action on or about 9 June 1970, when plaintiffs rested their case, defendant moved for a directed verdict under G.S. 1A-1, Rule 50, on the ground that plaintiffs failed to prove that the description in the deed offered into evidence covered the land upon which defendant placed its power lines. The motion was allowed and from judgment predicated thereon, plaintiffs appealed. In an opinion reported in 10 N.C. App. 277, 178 S.E. 2d 130 (1970), the Court of Appeals affirmed the trial court's judgment.

On 20 September 1971 plaintiffs instituted this action against defendant. The complaint sets forth essentially the same allegations contained in the complaint in the prior action except for the additional allegations that said erection and maintenance of poles and wires on plaintiffs' property by defendant constitutes a "taking" under Article 1, Section 19, of the North Carolina Constitution and under the Fifth and Fourteenth Amendments to the United States Constitution; and, further, that said "taking" was unreasonable for that defendant used plaintiffs' land to install poles and wires to connect power lines on its easement near S.R. 1932 to property adjacent to plaintiffs' land when the adjacent property touched defendant's said easement.

In its answer to the complaint in the present action, defendant makes the same denials set forth in its answer in the prior action and pleads the judgment in the prior action as res judicata to each of the several claims asserted in the present action.

Following a hearing, the trial court entered judgment sustaining defendant's plea of res judicata and dismissing plaintiffs' action. Plaintiffs appealed.

*Dees, Dees, Smith & Powell by Tommy W. Jarrett for plaintiff appellants.*

*Herbert B. Hulse and George F. Taylor for defendant appellee.*

BRITT, Judge.

The sole question for our determination is whether the trial court erred in dismissing plaintiffs' action on the ground of res judicata. We hold that it did not.

[1, 2] In their brief plaintiffs note that if old G.S. 1-25 were still in effect, they could maintain their action. They concede that this "saving" statute has been repealed and largely replaced by G.S. 1A-1, Rule 41(a)(2), which permits the court to order a voluntary dismissal without prejudice. Plaintiffs maintain that while the trial court made no such order in the prior action, that action was not a trial on the merits for that the judgment therein granted a directed verdict due to a technical rule of evidence; that since the prior action was not tried before a jury, plaintiffs have never had their full day in court.

Basic to the doctrine of res judicata is the premise that a plea of res judicata must be founded on an adjudication—a judgment on the merits. *Pack v. McCoy,* 251 N.C. 590, 112 S.E. 2d 118 (1960). As Sharp, Justice, points out in *Cutts v. Casey,* 278 N.C. 390, 420, 180 S.E. 2d 297, 313 (1971), "When a motion for a directed verdict under Rule 50(a) is granted, the defendant is entitled to a *judgment on the merits* unless the court permits a voluntary dismissal of the action under Rule 41(a)(2)." (Emphasis added.) In McIntosh, *North Carolina Practice and Procedure,* 2d Ed., Vol. 2, § 1488.30, Pocket Supplement, p. 28, we find: "Judgment entered upon a directed verdict is a final judgment on the merits. It is therefore appealable, and operates with full res judicata effect." A footnote to this statement explains: "This differs from the effect of involuntary nonsuit under former practice where the nonsuit was granted for insufficiency of evidence to make out a prima facie case. Plaintiff was barred in such circumstances only if his proof on second trial was substantially similar to that on first trial; he could 'mend his licks' with substantially different proof." (Citation.) Therefore, plaintiffs' contention in the case at bar that they were deprived of their full day in court is untenable.

Plaintiffs further contend that even if the directed verdict in the prior action is res judicata as to matters and occurrences prior to its effective date, that a continuing trespass exists as long as defendant's power lines remain on said land and such continuing trespass gives rise to a new and separate claim for relief. This contention has no merit.

[3] As between the parties the question of title to the subject property was determined in the prior action and that determination is conclusive. Of necessity the question of title would be raised in the present case and as was said in *Poindexter v. Bank*, 247 N.C. 606, 618-619, 101 S.E. 2d 682, 691-692 (1958), " 'It is a fundamental principle of jurisprudence that material facts or questions which were in issue in a former action, and were there admitted or judicially determined, are conclusively settled by a judgment therein, and that such facts or questions become res judicata and may not again be litigated in a subsequent action between the same parties * * * regardless of the form the issue may take in the subsequent action.' * * * "

In order for a judgment to constitute res judicata in a subsequent action there must be identity of parties, subject matter, issues and relief demanded. *Shaw v. Eaves*, 262 N.C. 656, 138 S.E. 2d 520 (1964); *Mason v. Highway Comm.*, 7 N.C. App. 644, 173 S.E. 2d 515 (1970). In the instant case, the parties are identically the same as in the original action; the cause of action arises from the same facts upon which recovery was initially predicated; the merits of the cases are the same; and plaintiffs seek the same type of relief initially sought.

For the reasons stated, the judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge BROCK concur.