CHARLES A. GRUPEN, EMPLOYEE v. THOMASVILLE FURNITURE INDUSTRIES, EMPLOYER, AND AMERICAN MUTUAL LIABILITY INSURANCE COMPANY, CARRIER

No. 7518IC700

(Filed 17 December 1975)

1. **Rules of Civil Procedure § 60; Trial § 49— newly discovered evidence — medical examination**

   An additional medical examination is not newly discovered evidence within the meaning of G.S. 1A-1, Rule 60(b).

2. **Rules of Civil Procedure § 60; Trial § 49— new trial for newly discovered evidence — time for motion**

   A motion for a new trial on the ground of newly discovered evidence was properly denied where it was not made within the one year limitation provided in G.S. 1A-1, Rule 60(b).

APPEAL by plaintiff from an order of the North Carolina Industrial Commission entered 23 May 1975. Heard in the Court of Appeals 21 November 1975.

Plaintiff employee suffered a compensable injury on 17 September 1970 for which he received payments for temporary total disability and 20% permanent partial disability of the left arm. He received benefit payments until 20 December 1971. Plaintiff subsequently sought additional benefits alleging that he was experiencing dizzy spells. Pursuant to plaintiff's request, on 27 January 1972, a hearing was held before Deputy Commissioner Roney who concluded that plaintiff had not shown a loss of earning capacity, or a permanent partial disability beyond that for which he had already been compensated. Plaintiff's claim for additional benefits was denied.

On 10 January 1973, alleging a change in condition, plaintiff made a second request for a hearing. A hearing was held on 30 April 1973 and plaintiff reasserted his complaints of dizziness. Deputy Commissioner Dandelake concluded that there was no evidence of disability beyond that for which plaintiff had already been paid compensation, and plaintiff's claim for additional compensation was denied. Plaintiff appealed to the Full Commission. Deputy Commissioner Dandelake's findings of fact and conclusion of law affirming the prior opinion and award were adopted by the Full Commission.

From the Full Commission plaintiff appealed to this Court. However, upon the failure of the plaintiff to perfect his appeal,

the appeal was dismissed on 7 February 1975. On that same day, plaintiff filed a motion with the Industrial Commission requesting a rehearing on the ground of newly discovered evidence of permanent impairment of the cerebellum. This motion was based on an affidavit of Dr. Palmer, a neurologist and psychiatrist, concerning his examination of plaintiff on 27 January 1975. A full hearing was held and plaintiff's motion was denied. The Commission held that plaintiff failed to move for rehearing within the one-year limitation provision provided in G.S. 1A-1, Rule 60(b). The Commission further concluded that plaintiff failed to show that his evidence would entitle him to a different result.

From the opinion and award of the Commission denying plaintiff's motion, he appealed to this Court.

*Harold I. Spainhour for plaintiff appellant.*

*Smith, Moore, Smith, Schell and Hunter, by J. Donald Cowan, Jr., for defendant appellees.*

ARNOLD, Judge.

The basis for plaintiff's motion for rehearing is G.S. 1A-1, Rule 60(b) which provides that a court may relieve a party from a final judgment on the basis of "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." (See Rule XX, 6, of the Rules of the North Carolina Industrial Commission.) A motion for further hearing on the grounds of introducing newly discovered evidence rests in the sound discretion of the Industrial Commission. *Mason v. Highway Commission,* 273 N.C. 36, 159 S.E. 2d 574 (1968); *Owens v. Mineral Co.,* 10 N.C. App. 84, 177 S.E. 2d 775 (1970).

Plaintiff's new evidence is Dr. Palmer's opinion that plaintiff's injury is permanent. Plaintiff contends that the type of injury to the brain involved in his case sometimes is of a varying duration and can be permanent if it persists long enough. He argues that a doctor cannot be expected to make a determination of permanency until a certain length of time is given to allow the condition to run its course.

[1] Defendant argues that another medical examination (by Dr. Palmer) is not "newly discovered evidence" within the meaning of G.S. 1A-1, Rule 60(b). We agree with this contention.

In *Harris v. Construction Company*, 10 N.C. App. 413, 179 S.E. 2d 148 (1971), the employee was examined by a physician a month following the hearing by the deputy commissioner. It was held that evidence of the result of the examination was not newly discovered evidence.

This Court, in *Harris v. Construction Company, supra,* cited *Ryan v. United States Lines Company*, 303 F. 2d 430 (2d Cir. 1962), where it was held that the results of a new physical examination was not "newly discovered evidence" which would allow reopening a judgment and granting a new trial under Rule 60(b) of the Federal Rules of Civil Procedure.

In the case of *Campbell v. American Foreign S. S. Corporation*, 116 F. 2d 926 (2d Cir. 1941), an employer moved for a new trial based on affidavits showing that subsequent to trial an injured seaman had been continuously employed. It was held that this did not constitute "newly discovered evidence" because it was not evidence of facts existing at the time of the trial.

We hold that evidence presented by Dr. Palmer's affidavit is not "newly discovered evidence" within the meaning of G.S. 1A-1, Rule 60(b). "If it were ground for a new trial that facts occurring subsequent to the trial have shown that the expert witnesses made an inaccurate prophecy of the prospective disability of the plaintiff, the litigation would never come to an end." *Campbell v. American Foreign S. S. Corporation, supra,* at 928.

[2] Even if plaintiff had presented "newly discovered evidence" the Commission correctly held that plaintiff had not moved for relief within one year as required by G.S. 1A-1, Rule 60(b). The Commission concluded that the one-year period began to run from Deputy Commissioner Dandelake's 31 May 1973 order.

Furthermore, we cannot say that plaintiff has exercised "due diligence" in pursuing his action. Plaintiff had two hearings before deputy commissioners concerning his change in condition, and he was also given an opportunity, prior to his scheduled hearing before the Full Commission, to develop his case. The Industrial Commission allowed plaintiff sufficient opportunity to develop his medical evidence and did not abuse its discretion in denying plaintiff's motion for rehearing on the basis of newly discovered evidence.

The opinion and award of the Commission granting the motion to dismiss plaintiff's petition for rehearing is affirmed.

Affirmed.

Judges PARKER and HEDRICK concur.