THELMA HARRIS AND HUSBAND, JOE HARRIS v. FAMILY MEDICAL CENTER, DUKE UNIVERSITY MEDICAL CENTER, ANN MOORE, M.D., WILLIAM KANE, M.D. AND GREGRAPHY SOLOBRIEFF

No. 7814SC122

(Filed 21 November 1978)

1. Rules of Civil Procedure § 15— judgment on the pleadings—no subsequent right to amend

    The granting of defendants' motion to dismiss the complaint pursuant to G.S. 1A-1, Rule 12(c) foreclosed plaintiffs' right to amend their complaint pursuant to G.S. 1A-1, Rule 15(a).

2. Rules of Civil Procedure § 60.2— motion to set aside judgment—newly discovered evidence

    Plaintiffs were not entitled to have an order dismissing their medical malpractice complaint set aside under G.S. 1A-1, Rule 60(b)(2) on the ground of newly discovered evidence where the evidence, a birth certificate, could have been obtained prior to the hearing on the motion to dismiss.

3. **Pleadings § 38.3— judgment on pleadings—good cause of action by amend-ment—statute of limitations**

The rule that an action should not be dismissed on the basis that the facts alleged are insufficient to state a cause of action if the plaintiff can allege facts to state a cause of action in an amendment to the complaint does not apply where the complaint was dismissed because the suit was filed after the statute of limitations had run.

APPEAL by plaintiffs from *Bailey, Judge*. Judgment entered 5 December 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 26 October 1978.

On 31 August 1977, plaintiffs brought an action against defendants for damages arising out of the negligent medical treatment of plaintiff-wife during childbirth on 30 August 1974. The defendants filed a motion to dismiss pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure on the grounds that the action was barred by the three-year statute of limitations, G.S. 1-52. The motion was heard on 31 October 1977 and on 7 November 1977 an order was entered dismissing plaintiffs' case.

Plaintiffs filed a motion pursuant to Rule 60(b)(1), and (2), of the North Carolina Rules of Civil Procedure to set aside the judgment, and filed a motion to amend the complaint to correctly state the date of the injury as 31 August 1974.

On 5 December 1977, the plaintiffs' motion was heard. Plaintiffs introduced a certified copy of the death certificate of the plaintiffs' child, which showed that the child's death occurred on 31 August 1974; plaintiffs contended that the action did not accrue until that date. The motions were denied, and plaintiffs appealed.

*Henry D. Gamble for plaintiff appellants.*

*Newsom, Graham, Strayhorn, Hedrick, Murray, Bryson & Kennon by E. C. Bryson, Jr. for defendant appellees.*

CLARK, Judge.

[1] Plaintiffs contend that they are entitled to amend their complaint as a matter of course prior to the filing of a responsive pleading, pursuant to Rule 15(a) of the North Carolina Rules of Civil Procedure. The plaintiffs contend that the defendants' Rule

12(c) motion was not a responsive pleading and therefore they are entitled to amend after the court granted the Rule 12(c) motion in favor of defendants.

Rule 15(a) provides:

"*Amendments.*—A party may amend his pleading once as a matter of course at any time before a responsive pleading is served . . . ."

Plaintiffs argue that the motion to dismiss pursuant to Rule 12(c) was not a responsive pleading and cite *Clardy v. Duke University*, 299 F. 2d 368 (4th Cir. 1962) as authority. The court in *Clardy*, however, held that once a summary judgment motion is granted, the plaintiffs' right to amend pursuant to Rule 15(a) is foreclosed. In *Clardy*, the plaintiff filed a medical malpractice action, alleging that on or before April 1955, he sustained brain damage as a result of the defendant's negligent treatment. His complaint was filed on 22 July 1960. Defendants moved for a dismissal, or, in the alternative, for summary judgment, on the basis that the action was barred by the statute of limitations. The court granted summary judgment for defendants. Plaintiff moved to amend the complaint pursuant to Rule 15(a), contending that a motion for summary judgment was not a responsive pleading and that therefore he was entitled to amend the complaint as a matter of course. The court noted:

"[T]here is no requirement that a responsive pleading be served before moving for summary judgment. . . . If it should be held that plaintiff could amend without leave after a hearing and the granting of summary judgment against him, the effect would be to clothe a litigant with the power, at any time, to reopen a case. . . . Rule 15(a) is not to be construed so as to render Rule 12 meaningless and ineffective." *Clardy, supra*, at 369-370.

The court held that the plaintiff was not entitled to amend the complaint pursuant to Rule 15(a), once summary judgment had been entered in favor of the defendants. We hold that the granting of defendants' motion to dismiss pursuant to Rule 12(c) of the North Carolina Rules of Civil Procedure foreclosed the plaintiffs' right to amend their complaint pursuant to Rule 15(a).

The plaintiffs also contend that the court erred in refusing to set aside the Order of Dismissal on 7 November 1977. The order of the court entered on 7 November 1977, however, is not before this court. The plaintiffs appealed from the 5 December 1977 Order denying their motion to amend, they did not appeal from the 7 November 1977 order, and are therefore bound by that order. *See, Haiduven v. Cooper*, 23 N.C. App. 67, 208 S.E. 2d 223 (1974); 7 Moore's Federal Practice, § 60.30[1].

[2] Plaintiffs also contend that the order dismissing their complaint should be set aside pursuant to Rule 60(b)(2) on the grounds that new evidence had been discovered. Rule 60(b)(2) provides:

"*Relief from judgment or order.*

\*    \*    \*

(b) *Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.* — On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

\*    \*    \*

(2) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . .".

Appellants, however, have failed to establish that the evidence could not have been discovered within ten days after judgment was entered on 7 November 1977. "[F]or relief to be granted under Rule 60(b)(2) the failure to produce the evidence at the [Rule 12(b) hearing] must not have been caused by the moving party's lack of due diligence. The evidence must be such as was not and could not by the exercise of diligence have been discovered in time to present in the original proceeding." 7 Moore's Federal Practice § 60.23[4] at 273. In the case *sub judice*, the plaintiffs could have obtained a copy of the birth certificate prior to hearing, and therefore the plaintiffs were not entitled to the relief under Rule 60(b)(2). *See, Grupen v. Thomasville Furniture Industries*, 28 N.C. App. 119, 220 S.E. 2d 201 (1975), *cert. denied* 289 N.C. 297, 222 S.E. 2d 696 (1976). We find no merit in plaintiffs' third contention.

**[3]** Plaintiffs finally contend that the complaint should not be dismissed because it alleged a defective statement of a good cause of action. Plaintiffs cite *Woodruff v. State Farm Mutual Auto. Ins. Co.*, 260 N.C. 723, 133 S.E. 2d 704 (1963); *Sale v. Johnson, Commissioner of Revenue*, 258 N.C. 749, 129 S.E. 2d 465 (1963); and *Gillikin v. Springle*, 254 N.C. 240, 118 S.E. 2d 611 (1961) in support of their contention. These cases held that an action should not be dismissed on the basis that the facts alleged are insufficient to state a cause of action, if the plaintiff can allege facts to state a cause of action in an amendment to the complaint. In the case *sub judice*, however, the complaint was dismissed because the suit was filed after the statute of limitations had run, and not because of the manner in which the causes of action were set forth in the complaint.

Affirmed.

Judges WEBB and MARTIN (Harry C.) concur.