JAMES C. HOGAN, EMPLOYEE, PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER, AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8210IC647

(Filed 2 August 1983)

**Master and Servant §§ 68, 77— claim for byssinosis—statute of limitations—res judicata**

> Plaintiff's claim to recover workers' compensation benefits for byssinosis was barred by the two-year statute of limitations of G.S. 97-58(c) where plaintiff alleged he became disabled on 1 February 1976 and the claim was filed on 13 August 1980. Furthermore, plaintiff's 1980 claim was also barred by *res judicata* where a claim filed by plaintiff on 21 September 1976 was dismissed on the ground that plaintiff's last exposure to cotton dust occurred in 1959 and byssinosis was not considered an occupational disease at that time, and plaintiff failed to appeal the order of dismissal.

> Judge EAGLES dissenting.

APPEAL by defendants from the North Carolina Industrial Commission. Opinion and Award entered 1 April 1982. Heard in the Court of Appeals 9 May 1983.

Plaintiff filed a "notice of accident to employer" form, as required by G.S. 97-22, on 12 August 1976, claiming he was entitled to workers' compensation benefits because he was disabled by byssinosis. He alleged that his disability began June 1976. He filed a B-1 application for workers' compensation benefits on 21

September 1976. In the application, he stated that his last exposure to cotton dust was in 1959.

On 8 December 1976, Deputy Commissioner Conely informed plaintiff's counsel, by letter, that if plaintiff's last exposure to cotton dust was prior to 1 July 1963 then plaintiff would not be entitled to compensation. On 13 December 1976, defendants filed a motion to dismiss on the ground that plaintiff's alleged disability occurred prior to 1959, and at that time byssinosis was not considered an occupational disease. Plaintiff's counsel authorized Deputy Commissioner Conely to dismiss the claim. Deputy Commissioner Conely granted defendants' motion and dismissed the claim on 4 January 1977.

In July 1980, a Mrs. Marjorie Jones of the Occupational Disease Section of the North Carolina Industrial Commission wrote plaintiff and informed him he could refile his claim. Plaintiff filed a new claim on 13 August 1980. Defendants filed a motion to dismiss on the ground that plaintiff's claim had previously been adjudicated. At the hearing, they moved to dismiss on the grounds that plaintiff did not file his claim within two years after his disability arose. The motions were denied. Deputy Commissioner Rich filed an opinion and award on 12 May 1981 and made the following pertinent findings of fact and conclusions of law:

5. In 1976 plaintiff was hospitalized at Duke Medical Center. He came under the care of Dr. Herbert O. Sieker, who diagnosed his condition at that time as chronic obstructive lung disease as a result of byssinosis. In August of 1976 plaintiff filed a claim for Workers' Compensation, alleging byssinosis. On January 4, 1977, by Order of Deputy Commissioner Conely, plaintiff's claim was dismissed on the ground that plaintiff's last injurious exposure to the hazards of byssinosis was prior to 1963, and therefore, under the Workers' Compensation Act, plaintiff had no remedy at law.

6. In 1980, following enactment by the North Carolina General Assembly of legislation establishing a cause of action for persons whose last injurious exposure to the hazards of byssinosis was prior to 1963, plaintiff filed a second claim under the Workers' Compensation Act alleging the occupational disease byssinosis.

7. On October 8, 1980, plaintiff was again examined by Herbert O. Sieker, M.D. Dr. Sieker again diagnosed plaintiff's condition as byssinosis. Dr. Sieker further opined that plain-

tiff is permanently disabled for all but the most sedentary type of employment.

8. Plaintiff has the occupational disease byssinosis as a result of exposure to cotton dust in his employment with defendant. As a result of byssinosis, plaintiff is permanently disabled from all but the most sedentary occupations. In view of plaintiff's inability to perform the non-strenuous work at J. P. Stevens, as well as plaintiff's age, level of education and limited work experience, he is totally and permanently disabled from gainful employment.

9. From February 1, 1976, plaintiff was permanently totally disabled as a result of byssinosis.

The above findings of fact and conclusions of law engender the following

### CONCLUSIONS OF LAW

1. Plaintiff has contracted the disease byssinosis as a result of exposure to cotton dust. His last injurious exposure was with defendant employer. This disease is compensable under G.S. 97-53(13). *Booker v. Duke Medical Center*, 297 N.C. 458 (1979).

2. Plaintiff is entitled to compensation from defendants for total and permanent disability at the rate of $82.00 per week beginning February 1, 1976, and continuing for life. G.S. 97-29.

3. Plaintiff is entitled to all reasonable and necessary medical treatment for life. G.S. 97-29.

On 1 April 1982, the full Commission affirmed the Deputy Commissioner's opinion and award, amending it by striking out finding of fact No. 6 and conclusion of law No. 2. The Commission inserted a new conclusion of law No. 2: "Plaintiff became disabled on February 1, 1976. The applicable law to determine the compensability of the plaintiff's disability is G.S. 97-53 as revised in 1971. *Taylor v. Stevens & Co.*, 300 N.C. 94, 265 S.E. 2d 144 (1980)." In a special concurrence, Commission Chairman Stephenson said he seriously questioned the Industrial Commission's jurisdiction to, in effect, set aside the previous order of Deputy Commissioner.

Conely. He concurred in the result "[p]urely on the basis of equity."

*Boone, Higgins, Chastain and Cone, by Peter Chastain, for plaintiff appellee.*

*Smith, Moore, Smith, Schell and Hunter, by J. Donald Cowan, Jr., and Caroline Hudson, for defendant appellants.*

VAUGHN, Chief Judge.

The sole issue we need address is whether the Industrial Commission had jurisdiction to hear plaintiff's August 1980 claim. The finding of jurisdiction by the Industrial Commission is not conclusive on appeal, and the reviewing court may make its own finding of jurisdictional facts based on the evidence. *See Lucas v. L'il General Stores,* 289 N.C. 212, 221 S.E. 2d 257 (1976) (the jurisdictional question was whether there was an employer-employee relationship). For the following two reasons, we find that the Industrial Commission did not have jurisdiction to hear the claim.

First, plaintiff's August 1980 claim is barred by the Statute of Limitations. G.S. 97-58(c) bars claims which are not filed "within two years after death, disability, or disablement." Plaintiff alleged he became disabled 1 February 1976, and he filed his claim on 13 August 1980, which is more than two years after his disability.

Our additional reason for determining that the Industrial Commission lacked jurisdiction is that plaintiff's August 1980 claim was barred by *res judicata* because his first claim was dismissed. The essential elements of *res judicata* are: "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Nash County Board of Education v. Biltmore,* 640 F. 2d 484, 486 (4th Cir.), *cert. denied,* 102 S.Ct. 359, 70 L.Ed. 2d 188, 454 U.S. 878, *rehearing denied,* 102 S.Ct. 692, 70 L.Ed. 2d 654, 454 U.S. 1117 (1981). *See also King v. Grindstaff,* 284 N.C. 348, 200 S.E. 2d 799 (1973); *Teague v. Alexander,* 38 N.C. App. 332, 247 S.E. 2d 775, *review denied,* 296 N.C. 414, 251 S.E. 2d 473 (1978); *Taylor v. Tricounty Electric Membership Corp.,* 17 N.C. App. 143, 193 S.E. 2d 402 (1972).

In general, any dismissal other than a dismissal for lack of jurisdiction, for improper venue, or failure to join a necessary party, operates as an adjudication on the merits. A claim that has been dismissed, and the dismissal unappealed, is barred from being refiled by the doctrine of *res judicata. Federated Department Stores, Inc. v. Moitie,* 452 U.S. 394, 69 L.Ed. 2d 103, 101 S.Ct. 2424 (1981). This principle has been applied in workers' compensation cases in this State. For example, in *West v. J. P. Stevens Co.,* 12 N.C. App. 456, 183 S.E. 2d 876 (1971), plaintiff broke her right leg at home, and claimed she injured her left leg at work. She had phlebitis in both legs. Two hearings were held, and the Commissioner concluded that plaintiff sustained a compensable injury which resulted in phlebitis, and she was temporarily totally disabled. Plaintiff did not appeal, but she later applied for review alleging her condition had changed. The Deputy Commissioner found that her injuries to her right leg did not arise from an industrial accident, but she had permanent partial disability of her left leg, and she was awarded additional compensation. The award was affirmed by the full Commission and by this Court. Plaintiff subsequently applied again for additional compensation on the ground that her condition had changed. She offered testimony that the disability in her right leg had increased, but her left leg was unchanged. The Deputy Commissioner awarded her additional compensation for the left leg. On appeal this Court held that the plaintiff was barred from claiming benefits with respect to her right leg because she had not appealed the previous order which determined she had no compensable injury to her right leg.

In *Smith v. Carolina Footwear, Inc.,* 50 N.C. App. 460, 274 S.E. 2d 386 (1981), the plaintiff, who was struck on her right leg by a shoe rack, filed a claim contending she could not work because of leg and back pain. Plaintiff's claim was denied, and she did not appeal. Three years later, plaintiff moved for a new hearing. A hearing was allowed for the purpose of determining whether plaintiff had experienced a change of condition. The Commission found that plaintiff's disability was not due to a work-related injury and denied the claim. On appeal, this Court noted that plaintiff was not entitled to a hearing *de novo* because she did not appeal the first denial of her claim. Consequently, the only review available was based on a change of condition pursuant to G.S. 97-47.

Plaintiff brings forth several arguments as to why the dismissal of his first claim did not bar the subsequent claim. He first contends that the dismissal was not an adjudication on the merits because it was a dismissal without prejudice. We do not agree. The order, entered 4 January 1977, dismissing the claim did not indicate in any way that it was without prejudice. The order was as follows:

By letter dated January 28, 1976, counsel for plaintiff advised the Commission that plaintiff's last injurious exposure to the hazards of byssinosis was prior to 1963 and that there appears to be no valid response to the motion propounded by the defendants. Counsel further advised the Commission by telephone on January 3, 1977, that plaintiff does not intend to pursue this claim further and does not object to the Commission's entering an order dismissing this claim.

Only from and after July 1, 1963, did the Workmen's Compensation Act, G.S. 97-53(13), provide compensation for byssinosis and chronic obstructive lung disease caused by exposure to cotton dust. However, even then, the Act provided compensation only in the event that the last exposure to the hazards of byssinosis or chronic obstructive lung disease occurred on or after July 1, 1963. Since plaintiff's last exposure to cotton dust appears to have occurred prior to July 1, 1963, the disease he suffers is not compensable under the Workmen's Compensation Act.

IT IS, THEREFORE, ORDERED that defendants' motion is hereby granted and this matter is DISMISSED.

Plaintiff's argument that the dismissal was without prejudice is based on a letter his attorney wrote the Deputy Commissioner on 6 January 1977, two days after the claim was dismissed, which contained the following sentence: "Mr. Hogan asked me to re-emphasize to you that he is willing to allow the dismissal of this case so long as it does not prejudice his rights to initiate a new action should he so desire." Obviously, the dismissal, which was based on defendants' motion to dismiss, could not be interpreted as a voluntary dismissal merely because of a subsequent letter from plaintiff's attorney to the Deputy Commissioner. Moreover, even if the dismissal was without prejudice, the two-year Statute

of Limitations in G.S. 97-58(c) would still bar the subsequent claim.

Plaintiff's next argument is that if Deputy Commissioner Conely's order was a final order he should be granted relief from the order pursuant to G.S. 1A-1, Rule 60(b)(6). Plaintiff contends that Rule 60(b) is applicable to workers' compensation cases because in *Grupen v. Thomasville Furniture Industries,* 28 N.C. App. 119, 220 S.E. 2d 201 (1975), *review denied,* 289 N.C. 297, 222 S.E. 2d 696 (1976), this Court held that a motion for rehearing based on newly discovered evidence pursuant to Rule 60(b)(2) was properly denied when plaintiff failed to move for the rehearing within the one-year limitation provided in Rule 60(b). *Grupen,* however, is not analogous to the instant case. Plaintiff, unlike Grupen, never filed a Rule 60(b) motion. Also, plaintiff is attempting to use Rule 60(b)(6) as a substitute for appellate review, which is improper. *In re Brown,* 23 N.C. App. 109, 208 S.E. 2d 282 (1974).

Plaintiff's next argument is that had Deputy Commissioner Conely not written him a letter advising him that his claim was not compensable he would not have agreed to the dismissal. Although this may be true, as mentioned above, to prevent his claim from being precluded by *res judicata* plaintiff must appeal the dismissal. Deputy Commissioner Conely's reason for advising plaintiff that his claim was not compensable was because his last injurious exposure to the cotton dust was in 1959, and at that time byssinosis was not considered an occupational disease. Three years later, however, in *Wood v. J. P. Stevens & Co.,* 297 N.C. 636, 256 S.E. 2d 692 (1979), the Supreme Court held that the law in effect at the time of the claimant's disablement, not necessarily the time of the last injurious exposure, must be applied. Wood filed her claim for compensation on 5 December 1975, claiming her disability began on 12 November 1975, although she contracted byssinosis before 1 July 1958. Wood's claim was denied because byssinosis was not a compensable occupational disease in 1958. In February 1977, the full Commission affirmed, and the Court of Appeals affirmed the full Commission, with one judge dissenting. The Supreme Court reversed the Court of Appeals which had held that a claimant's case originates when the employee "contracts" the disease (i.e. when the employee was last exposed to the hazard), and held that the 1958 version of G.S. 97-53(13) did

Hogan v. Cone Mills Corp.

not govern the case. The Court reasoned that an injury resulting from an occupational disease is only compensable when it leads to disablement, until that time the employee has no cause of action, and the employer has no liability. The Court held that the current version of G.S. 97-53(13) applies to all claims for disablement where the disability occurs after the effective date of the statute, 1 July 1971.

In the instant case, plaintiff filed his claim in September 1976, almost a year after Wood filed her claim, alleging he became disabled in June 1976. If plaintiff had appealed Deputy Commissioner Conely's order and pursued his claim, he undoubtedly would have had a good chance of prevailing because the principle set forth in *Wood* would have been applied to his case when he reached the Court of Appeals or the Supreme Court. Plaintiff, however, by failing to appeal his original claim, was barred from bringing a new action, and the Industrial Commission did not have jurisdiction to hear the claim.

For the reasons stated above, the order and award of the Industrial Commission is reversed.

Reversed.

Judge HEDRICK concurs.

Judge EAGLES dissents.

Judge EAGLES dissenting.

To hold, as the majority does, that the August 1980 claim is barred by the statute of limitations is to ignore the intent of the General Assembly in its amendment of G.S. 97-53(13) to create a new cause of action for victims whose last injurious exposure was before 1963. The August 1980 claim was filed well within two years of the effective date of the legislation creating the remedy for victims whose last injurious exposure was pre-1963.

To hold that the claim here is barred by the doctrine of res judicata is to misapply the law. As quoted in the majority opinion, one of the requisites for the application of the doctrine of res judicata is "an identity of the cause of action in both the earlier and later suit." *Nash County Board of Education v. Bilt-*

*more Co.*, 640 F. 2d 484, 486 (4th Cir.), *cert. denied,* 454 U.S. 878, 70 L.Ed. 2d 188, 102 S.Ct. 359, *reh. denied,* 454 U.S. 1117, 70 L.Ed. 2d 654, 102 S.Ct. 692 (1981); *Teague v. Alexander,* 38 N.C. App. 332, 247 S.E. 2d 775 (1978).

Here, there is no identity of cause of action. When the first filing was made, there was no cause of action for injuries sustained by victims whose last injurious exposure was before 1963. Only after legislative action in 1979 was there created a cause of action for such injuries.

Further, to hold that consideration of this cause of action is barred by claimant's failure to appeal from the earlier dismissal is to foster a policy of encouraging feckless appeals. In a time of expanding litigation in the appellate division, there is no justification for a policy that encourages unmeritorious appeals.