HOGAN v. CONE MILLS CORP.

[94 N.C. App. 640 (1989)]

No error.

Judges EAGLES and COZORT concur.

————————————

LINDA M. HOGAN, ADMINISTRATRIX OF THE ESTATE OF JAMES C. HOGAN, DE-
CEASED, EMPLOYEE PLAINTIFF v. CONE MILLS CORPORATION, EMPLOYER,
AND LIBERTY MUTUAL INSURANCE COMPANY, CARRIER, DEFENDANTS

No. 8810IC810

(Filed 18 July 1989)

**Master and Servant § 94.3— workers' compensation—refusal of
Commission to set aside judgment—error**

The Industrial Commission erred by not setting aside its
former judgment dismissing plaintiff's action for workers' com-
pensation with prejudice where plaintiff was last exposed to
cotton dust in 1959; plaintiff filed a claim for workers' compen-
sation benefits for byssinosis in 1976; the Deputy Commis-
sioner wrote a letter advising plaintiff's counsel that plaintiff
would not be entitled to benefits if, as it appeared from the
file, plaintiff's last exposure may have occurred before 1 July
1963; defendants filed a motion to dismiss in December 1976;
after discussing the matter with the Deputy Commissioner,
plaintiff's counsel and plaintiff came to a mutual agreement
that there was no point in pursuing the matter at that time;
plaintiff indicated that he was willing to allow the dismissal
of the case so long as it did not prejudice his right to initiate
a new action should he so desire; the Deputy Commissioner
granted defendants' motion and dismissed plaintiff's claim; plain-
tiff did not appeal the order; plaintiff received a notice from
the Industrial Commission in 1980 inviting him to refile his
claim as a result of legislative changes; plaintiff refiled in
1980; the Industrial Commission determined that its earlier
order was not res judicata; defendants appealed to the Court
of Appeals, which held in a divided opinion that plaintiff's
claim was time barred, res judicata, and that plaintiff could
not have the 1977 judgment set aside; the Supreme Court
held that the Commission had the power to set aside its own
judgments and found that there were sufficient grounds on
which the Commission could do so; the original plaintiff having

**HOGAN v. CONE MILLS CORP.**

[94 N.C. App. 640 (1989)]

died, his administratrix filed a motion to set aside the 1977 order on the grounds of mistake or other extraordinary circumstances; and the Commission denied benefits on the basis that no grounds existed to set aside the 1977 order of dismissal. Because the Commission's power to set aside one of its judgments is for all intents and purposes the same as that possessed by a court ruling on a motion under N.C.G.S. § 1A-1, Rule 60(b), the same standard of review should be employed. In light of the heavy equities weighing in plaintiff's favor, especially the Commission's written invitation to plaintiff to refile his action, the Commission's order finding no grounds to set aside its 1977 order of dismissal amounted to a substantial miscarriage of justice and should therefore be set aside.

Judge ARNOLD dissenting.

APPEAL by plaintiff from the North Carolina Industrial Commission. Opinion and Award filed 8 March 1988. Heard in the Court of Appeals 14 March 1989.

*Turner, Enochs, Sparrow, Boone & Falk, Inc., by Peter Chastain and Laurie S. Truesdell, for plaintiff-appellant.*

*Smith Helms Mulliss & Moore, by J. Donald Cowan, Jr. and W. Alexander Audilet, for defendant-appellees.*

JOHNSON, Judge.

The original plaintiff (now deceased), James C. Hogan, was born in 1916. He completed sixth grade and could read and write. From 1932 to 1959 he worked in defendant's cotton plant, in the card or slashing room, both of which were dusty. He was continuously exposed to cotton dust. In 1959, plaintiff followed his doctor's advice and left the cotton plant due to breathing problems.

Plaintiff pursued alternate employment until 1976 when he was diagnosed as totally and completely disabled as a result of byssinosis (brown lung). On 21 September 1976 plaintiff filed a claim with the Industrial Commission claiming Workers' Compensation benefits for byssinosis. By letter dated 8 December 1976, Deputy Commissioner Conely, the designated hearing officer, advised plaintiff's counsel as follows:

HOGAN v. CONE MILLS CORP.

[94 N.C. App. 640 (1989)]

From a review of the file it appears that plaintiff's last exposure to the hazards of byssinosis may have occurred before July 1, 1963. If such be the case, plaintiff would not be entitled to compensation for byssinosis or chronic obstructive lung disease.

Attached to the letter was an earlier opinion by the Deputy Commissioner in which compensation was denied because the claimant's last exposure was before 1 July 1963.

On 13 December 1976 defendants filed a motion to dismiss plaintiff's claim because "even if the employee does have byssinosis, such condition was not compensable on the date it is alleged the injury occurred." By letter dated 28 December 1976, plaintiff's counsel informed the Commission that plaintiff's last exposure to byssinosis hazards was prior to 1963. Counsel for plaintiff also made the following statements:

I have discussed your letter and the accompanying portion of an opinion and award which you forwarded to me along with your letter of December 8, 1976, with Mr. Hogan, and in doing so, have informed him that the opinion forwarded seemed to control in regard to his case and would appear to terminate any claim he might have regarding this matter . . . .

I have not as yet had the opportunity to argue a case before the Industrial Commission and therefore, since it appears that there is no valid claim on the part of Mr. Hogan because of the relevant portion of the opinion and award forwarded to me by your office, I am not certain as to whether it will still be necessary to make an appearance in Court. Therefore, I would appreciate your notifying me as to what procedural steps are at this point necessary and if, in fact, it will be necessary to make an appearance at the January 19, 1977 hearing. If so, of course, I will be happy to do so even though I do not believe there is any valid response, on the part of Mr. Hogan, to the motion propounded by [defendants].

On 3 January 1977, plaintiff's counsel had a phone conversation with Deputy Commissioner Conely to clarify the contents of the 28 December 1976 letter. Regarding that conversation, counsel stated at his 1987 deposition that plaintiff and he "came to a mutual agreement that there was no further point in pursuing this at that time." By order dated 4 January 1977, in response to defendants' motion and based on the letter and phone call with plaintiff's counsel, Deputy Commissioner Conely granted defendants' motion and dismissed plaintiff's claim:

**HOGAN v. CONE MILLS CORP.**

[94 N.C. App. 640 (1989)]

By letter dated January 28, 1976, counsel for plaintiff advised the Commission that plaintiff's last injurious exposure to the hazards of byssinosis was prior to 1963 and that there appears to be no valid response to the motion propounded by the defendants. Counsel further advised the Commission by telephone on January 3, 1977, that plaintiff does not intend to pursue this claim further and does not object to the Commission's entering an order dismissing this claim.

The order also set out the Deputy Commissioner's legal rationale for denying the claim. This rationale was later disapproved in *Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E. 2d 692 (1979).

On 4 January 1977, plaintiff's counsel drafted a letter to Commissioner Conely stating that he was authorized "to notify you that [plaintiff] is willing to allow the dismissal of this case without prejudice to his initiating a new action within the proper time as allowed by the Industrial Commission . . . ." On 6 January 1977, plaintiff met with counsel and refused to sign the letter. A new letter was drafted, which plaintiff did sign which stated:

Mr. Hogan asked me to re-emphasize to you that he is willing to allow the dismissal of this case so long as it does not prejudice his right to initiate a new action should he so desire.

Plaintiff did not appeal the order as allowed by G.S. sec. 97-85.

In July 1980, as a result of legislative changes in the statutory definition of compensable occupational diseases, plaintiff received a notice from the Industrial Commission inviting him to refile his claim. On 19 August 1980, with the advice of present counsel, plaintiff refiled. In its opinion and award dated 12 May 1981, the Commission recognized plaintiff's claim under the newly enacted Chapter 1305 of the 1979 Session Laws which provided that byssinosis claims are compensable without regard to the employee's date of last injurious exposure to cotton dust. The Commission determined that the earlier order of dismissal was "not a determination of the merits of plaintiff's claim as filed in 1980, and therefore is not *res judicata*."

Defendants appealed to this Court. A divided panel reversed and held that plaintiff's claim was time barred, *res judicata*, and that plaintiff could not have the 1977 judgment against him set aside under G.S. sec. 1A-1, Rule 60(b)(6). *Hogan v. Cone Mills Corp.*, 63 N.C. App. 439, 305 S.E. 2d 213 (1983), vacated by *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 337 S.E. 2d 477 (1985).

In its opinion which vacated the decision by this Court, the Supreme Court held that the Commission had the power to set aside its own judgments, and found that there were "sufficient grounds on which the Commission may rely to set aside its former judgment. . . ." *Hogan*, 315 N.C. at 141, 337 S.E. 2d at 485.

The original plaintiff James C. Hogan died on 2 September 1987. On 19 November 1987 Linda Hogan, administratrix, filed a motion to set aside the order dated 4 January 1977 on the grounds of mistake or other extraordinary circumstances. In its opinion and award dated 8 March 1988, the Commission denied plaintiff benefits on the basis that no grounds existed to set aside the order of dismissal dated 4 January 1977. From this order, plaintiff appeals.

On appeal from this Court, the Supreme Court first elaborated on the equities weighing in Hogan's favor which encouraged the Court to reach the conclusion that

[t]he Commission could find that Hogan's determined attempts to keep his case alive are all that a lay person, not schooled in the intricacies of *res judicata*, reasonably should be expected to do.

*Hogan v. Cone Mills Corp.*, 315 N.C. 127, 142, 337 S.E. 2d 477, 485-86 (1985). However, the Court went on to say:

We express no opinion as to whether the Commission should set aside its former judgment against Hogan. While we have mentioned certain equities which weigh in Hogan's favor, we have done so only for the purpose of justifying our remand of this case for the Commission's consideration. The decision whether to set aside the judgment rests, in the first instance, within the judgment of the Commission. If the Commission refuses to set aside the former judgment, Hogan's claim will be barred by *res judicata*. If, on the other hand, the Commission does set aside the former judgment, no final judgment on the merits will exist to bar this action under N.C.G.S. § 97-53(13).

*Id.* at 142, 337 S.E. 2d at 486.

By inserting the clause "in the first instance" the Court made it clear that the Commission's judgment is subject to appellate review. The opinion is less than clear as to what standard of review is appropriate.

**HOGAN v. CONE MILLS CORP.**

[94 N.C. App. 640 (1989)]

G.S. sec. 1A-1, Rule 60(b)(6) allows that:

the court may relieve a party . . . from a final judgment, order . . . for the following reasons:

\* \* \* \*

(6) Any other reason justifying relief from the operation of the judgment.

In its discussion of whether Hogan could have asked the Commission to set aside its judgment under G.S. sec. 1A-1, Rule 60(b)(6) the Court states:

The Rules of Civil Procedure are not strictly applicable to proceedings under the Workers' Compensation Act . . . and we find no counterpart to Rule 60(b)(6) in the Act or the Rules of the Industrial Commission. We believe the Industrial Commission, nevertheless, has inherent power to set aside one of its former judgments. . . . This power inheres in the judicial power conferred on the Commission by the legislature and is necessary to enable the Commission to supervise its own judgments.

*Hogan* at 137, 337 S.E. 2d at 483.

If Rule 60(b) were strictly applicable to judgments of the Industrial Commission, the correct standard to review the Commission's refusal to set aside a judgment would be as follows:

General Statute 1A-1, Rule 60(b)(6) 'is equitable in nature and authorizes the trial judge to exercise his discretion in granting or withholding the relief sought.' . . . Our Supreme Court has indicated that this Court cannot substitute 'what it consider[s] to be its own better judgment' for a discretionary ruling of a trial court, and that this Court should not disturb a discretionary ruling unless it 'probably amounted to a substantial miscarriage of justice.' . . . Further, '[a] judge is subject to reversal for abuse of discretion only upon a showing by a litigant that the challenged actions are manifestly unsupported by reason.'

*Huggins v. Hallmark Enterprises, Inc.*, 84 N.C. App. 15, 25, 351 S.E. 2d 779, 785 (1987). (Citations omitted.) Defendant, rightly or wrongly, assumes that abuse of discretion is the correct standard of review.

HOGAN v. CONE MILLS CORP.

[94 N.C. App. 640 (1989)]

Generally, on review, awards entered in Workers' Compensation cases "shall be conclusive and binding as to all questions of fact. . . ." Appeal to this Court shall concern only "questions of law." G.S. sec. 97-86.

> When the assignments of error bring up for review the findings of fact of the Commission, we review the evidence to determine as a matter of law whether there is any competent evidence tending to support the findings; if so, the findings of fact are conclusive. . . .
>
> If a finding of fact is a mixed question of fact and law, it is conclusive also . . . if there is sufficient evidence to sustain the facts involved. If a question of law alone, we review.

*Lewter v. Enterprises, Inc.*, 240 N.C. 399, 402-03, 82 S.E. 2d 410, 413 (1954). (Citations omitted.)

Plaintiff has suggested a hybrid standard which combines the rules of review for Workers' Compensation cases with the abuse of discretion standard. Plaintiff contends that the North Carolina Industrial Commission abused its discretion in failing to set aside its former judgment because the Commission's conclusions of law that no grounds exist to set aside the order of dismissal are based on erroneous findings of fact that are not supported by any competent evidence.

Our Supreme Court has analogized the procedure by which a claimant may request the Industrial Commission to set aside one of its judgments on the grounds of mutual mistake, misrepresentation, fraud, newly discovered evidence, *et al.*, to a G.S. sec. 1A-1, Rule 60(b) motion. *Hogan* at 137, 337 S.E. 2d at 483. In reaching the conclusion that the legislature impliedly vested the Commission with the power to set aside a former judgment, the Court stated the following policy consideration:

> The power to provide relief against the operation of a former judgment is an integral part of the judicial power. Such power is a remedy fashioned by courts to relieve hardships which from time to time arise from a fast and hard adherence to the usual rule that judgments should not be disturbed once entered. The remedy has been characterized by a flexibility which enables it to be applied in new situations to avoid the particular injustices inherent in them.

**HOGAN v. CONE MILLS CORP.**

[94 N.C. App. 640 (1989)]

*Id.* at 139-140, 337 S.E. 2d at 484.

Because this power is for all intents and purposes the same as that possessed by a court ruling on a Rule 60(b) motion, we believe that the same standard of review should be employed. As the Court states in *Huggins* at 25, 351 S.E. 2d at 785, a discretionary ruling of this nature should not be disturbed unless it "probably amounted to a substantial miscarriage of justice," or where the ruling is "manifestly unsupported by reason." In our opinion, the Commission's decision in the case *sub judice* meets both tests.

Although we are mindful of the equities noted by the Supreme Court which weigh heavily in plaintiff's favor, especially "Hogan's determined attempts to keep his case alive," *Hogan* at 142, 337 S.E. 2d at 485, we are more convinced that the Commission's ruling was erroneous because of its written invitation to plaintiff to refile his action. It is because the Commission communicated with plaintiff by letter in July 1980 to notify him that his claim had become viable due to legislative changes, that we are especially sensitive to plaintiff's plight. As of January 1977, when the Commission ruled that plaintiff's claim was barred because his last exposure to byssinosis hazards occurred prior to 1963, plaintiff's legal battle had ceased. He refiled his action because he was encouraged to do so by the Commission.

While we are aware that the Commission had no authority over this Court's ruling on appeal that plaintiff's action was time-barred, and also *res judicata*, after the Commission had entered an order in plaintiff's favor, *Hogan v. Cone Mills*, 63 N.C. App. 439, 305 S.E. 2d 213 (1983), nor over the Supreme Court's ruling vacating our decision, 315 N.C. 127, 337 S.E. 2d 477 (1985), it was empowered to evaluate and determine whether sufficient grounds existed to set aside its former judgment. In light of the heavy equities weighing in plaintiff's favor, *see Hogan* at 315 N.C. 141-42, 337 S.E. 2d at 485-86, we are convinced that the Commission's order finding no grounds to set aside its 4 January 1977 order of dismissal, "amounted to a substantial miscarriage of justice" *Huggins, supra,* and should therefore be reversed.

We are mindful of the caution to avoid substituting our judgment for that of the Commission; however, from a study of the entire facts and circumstances of this case we believe that only one decision could possibly have been correctly reached by the

Commission, to set aside its former judgment dismissing plaintiff's action with prejudice.

Reversed.

Judge PHILLIPS concurs.

Judge ARNOLD dissents.

Judge ARNOLD dissenting.

The majority cites the following statement made by our Supreme Court after its careful review of the record in this case:

> We express no opinion as to whether the Commission should set aside its former judgment against Hogan. While we have mentioned certain equities which weigh in Hogan's favor, we have done so only for the purpose of justifying our remand of this case for the Commission's consideration. The decision whether to set aside the judgment rests, in the first instance, within the judgment of the Commission. If the Commission refuses to set aside the former judgment, Hogan's claim will be barred by *res judicata*. If, on the other hand, the Commission does set aside the former judgment, no final judgment on the merits will exist to bar this action under N.C.G.S. § 97-53(13).

*Hogan v. Cone Mills Corp.*, 315 N.C. 127, 142, 337 S.E. 2d 477, 486 (1985).

The Supreme Court clearly directs the Commission to make a discretionary ruling whether to set aside judgment in this case. The majority ably discusses the parameters for appellate review when a lower tribunal has refused, in its discretion, to set aside judgment. It then proceeds to substitute its own judgment for that of the Commission. Given the heavy burden demanded under either an abuse of discretion test, or a test which would require a finding that there is no competent evidence to support the findings of the Commission, I dissent.

These are the pertinent findings of fact of the Commission from its order dated 4 January 1977:

> 4. . . . Mr. Hogan did not object to the Commission's entry of the order of dismissal and did not appeal from same.
>
> * * * *

7. The decision not to appeal the order of dismissal of January 4, 1977 was a mutual decision, reached by Hogan and his attorney at the time . . . .

Based on these and other findings of fact the Commission concluded that:

1. No grounds exist in the judgment or discretion of the Commission to set aside the order of dismissal of January 4, 1977.

2. Plaintiff's claim is barred by *res judicata.*

In its opinion the Supreme Court stated:

It appears to us the reason plaintiff did not contest defendants' motion to dismiss is because he decided he did not have a viable claim under the law then in effect. That plaintiff determined for whatever reason not to oppose defendants' motion does not transform what is otherwise a dismissal on the merits into a voluntary dismissal.

*Hogan* at 136, 337 S.E. 2d at 482. The record and the 1987 deposition of Hogan's former counsel could support an interpretation that Hogan did not contest dismissal because he agreed with his attorney that there was no viable claim at that time. The fact that the record also makes clear that Hogan did not understand that by agreeing not to contest, he agreed to a dismissal with prejudice is not enough ammunition for this Court to overturn a finding of fact which is based on any competent evidence. Further, when the Commission makes a discretionary ruling this Court cannot substitute its own judgment for that of the Commission. *See Worthington v. Bynum*, 305 N.C. 478, 485-86, 290 S.E. 2d 599, 604 (1982).

Had it been this Court's place to rule on plaintiff's motion "in the first instance," I would agree with the majority that the equities weigh in favor of granting plaintiff's motion. That is not our function as an appellate court. I would affirm.